Patrick F. SHELTON, Plaintiff-Appellant,

v.

Thomas DOLAN, and Laura Dolan, Defendants-Respondents.

Court of Appeals

*No. 98–1593. Submitted on briefs December 4, 1998.—Decided December 17, 1998.*

(Also reported in 591 N.W.2d 894.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Mark W. Frank* of Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Virginia M. Bartelt, Bartelt Law Office, S.C.* of Middleton.

Before Dykman, P.J., Vergeront and Deininger, JJ.

VERGERONT, J. Patrick Shelton appeals the trial court's order dismissing his complaint for a declaration of his interest in a disputed piece of property, either as owner by adverse possession or by right of prescriptive easement. The trial court concluded that both claims were barred by § 893.33, STATS., which provides time limitations for initiating certain actions concerning real estate. Shelton argues on appeal that the thirty-year time limit in § 893.33(2) does not apply to claims of adverse possession because of an exception in § 893.33(5), and the trial court therefore erred in dismissing that claim. We conclude that our supreme court's interpretation of the statute in *Herzog v. Bujniewicz*, 32 Wis. 2d 26, 145 N.W.2d 124 (1966), and in *Leimert v. McCann*, 79 Wis. 2d 289, 255 N.W.2d 526

(1977), requires dismissal of the adverse possession claim as well as the prescriptive easement claim, and we therefore affirm.

## BACKGROUND

The factual allegations of the complaint are that Shelton and his predecessors in title had continuously used an access road connecting his property to Burris Road since the 1930s. The access road traverses property owned by Thomas and Laura Dolan and their predecessors in title. Recently the Dolans began preventing Shelton from using the access road. The complaint asserted that Shelton and his predecessors in title had maintained uninterrupted adverse possession and exclusive use of the access road for more than twenty years, and, alternatively, that he and his predecessors in title had made continuous adverse use of the road for more than twenty years (asserting prescriptive easement rights).

Shelton moved for summary judgment on both claims. Based upon the submissions of the parties, the trial court concluded that Shelton had met the requirements for a prescriptive easement in that his predecessors in title had made open, visible and uninterrupted use of the access road since 1936. However, the trial court also concluded that § 893.33(2), STATS., as interpreted by the supreme court in *Herzog* and *Leimert,* barred the claim. The court denied Shelton's motion for summary judgment. After a trial to the court, the court entered a written decision concluding that § 893.33(2) was a bar to the adverse possession

claim as well as to the prescriptive easement claim, and dismissed the complaint.[1]

## DISCUSSION

██
On appeal Shelton contends that the trial court misinterpreted *Herzog*, which, he asserts, supports his position that his adverse possession claim is not barred by § 893.33(2), STATS.[2] We will assume without deciding that Shelton or his predecessor in interest obtained title to the access road by adverse possession and that the requisite twenty years of adverse use ended sometime in the 1950s. The application of statutory and case law to a given set of facts is a question of law, which we review de novo. *See Bahr v. State Inv. Bd.*, 186 Wis. 2d 379, 386, 521 N.W.2d 152, 153 (Ct. App. 1994). We conclude that *Herzog* does not support Shelton's position, but instead, together with *Leimert*, bars his adverse possession claim because he took none of the actions enumerated in § 893.33(2) within thirty years from the date on which he may have obtained title by adverse possession.

Section 893.33(2) and (5), STATS., provides:

---

[1] Although the trial court's order denying summary judgment concluded that the plaintiff established a prescriptive easement but failed to adhere to § 893.33, STATS., it appears that the court did not grant summary judgment in favor of Dolan on this claim, as it may do under § 802.08(6), STATS., when there are no disputed facts and the nonmoving party is entitled to judgment as a matter of law. It is not clear whether the trial addressed both claims, or just adverse possession. At any rate, the trial court's decision after the trial dismissed the entire complaint.

[2] Shelton is not appealing dismissal of the prescriptive easement claim.

(2) Except as provided in subs. (5) to (9), no action affecting the possession or title of any real estate may be commenced, and no defense or counterclaim may be asserted, by any person, the state or a political subdivision or municipal corporation of the state after January 1, 1943, which is founded upon any unrecorded instrument executed more than 30 years prior to the date of commencement of the action, or upon any instrument recorded more than 30 years prior to the date of commencement of the action, or upon any transaction or event occurring more than 30 years prior to the date of commencement of the action, unless within 30 years after the execution of the unrecorded instrument or within 30 years after the date of recording of the recorded instrument, or within 30 years after the date of the transaction or event there is recorded in the office of the register of deeds of the county in which the real estate is located, some instrument expressly referring to the existence of the claim or defense, or a notice setting forth the name of the claimant, a description of the real estate affected and of the instrument or transaction or event on which the claim or defense is founded, with its date and the volume and page of its recording, if it is recorded, and a statement of the claims made. This notice may be discharged the same as a notice of pendency of action. Such notice or instrument recorded after the expiration of 30 years shall be likewise effective, except as to the rights of a purchaser of the real estate or any interest in the real estate which may have arisen after the expiration of the 30 years and prior to the recording.

. . . .

(5) This section bars all claims to an interest in real property, whether rights based on marriage, remainders, reversions and reverter clauses in covenants restricting the use of real estate, mortgage

liens, old tax deeds, death and income or franchise tax liens, rights as heirs or under will, or any claim of any nature, however denominated, and whether such claims are asserted by a person sui juris or under disability, whether such person is within or without the state, and whether such person is natural or corporate, or private or governmental, unless within the 30-year period provided by sub. (2) there has been recorded in the office of the register of deeds some instrument expressly referring to the existence of the claim, or a notice pursuant to this section. This section does not apply to any action commenced or any defense or counterclaim asserted, by any person who is in possession of the real estate involved as owner at the time the action is commenced.

Since resolution of this appeal turns on our reading of *Herzog*, we describe that case in some detail. Herzog claimed title to a disputed strip of property by adverse possession, based on evidence of use by her predecessors in title beginning in 1912. The trial court interpreted § 893.33(2), STATS., (then § 330.15(1), STATS.) to bar evidence of any acts of adverse possession prior to thirty years before commencement of the action in 1964. The trial court determined that the evidence before 1934 was insufficient to establish adverse possession. On appeal the supreme court rejected this application of the statute. After summarizing the requirements of § 893.33(2) (then § 330.15(1)), the court stated:

> While it may be argued the words "any transaction or event" do not aptly describe acts of adverse possession and that such construction is impracticable, we must be guided in our construction by sub. (4) [now sub. (5)] which provides the section shall be construed to effect the legislative purpose of barring

"all claims to an interest in real property, . . . or any claim of any nature whatsoever, however denominated, . . ." However, this subsection makes specific exceptions. One of these exceptions, pertinent to this case, provides, "This section does not apply to any action commenced by any person who is in possession of the real estate involved as owner at the time the action is commenced, . . ."

The transaction or event referred to in sub. (1) [now sub. (2)] as applied to adverse possession means adverse possession for the period of time necessary under the circumstances to obtain title. *Upon the expiration of such period of time the thirty-year period commences to run.* This statute may not be a true statute of limitations because the time for running of the period does not commence with the creation or accrual of a cause of action. Nevertheless, its effect is to bar claims unless its requirements are met. . . .

We think the trial court should have held sec. 330.15 [§ 893.22], Stats., did not apply to the plaintiff in this action because of the owner-in-possession exception. For the purpose of asserting a claim to the disputed property based upon adverse possession, the plaintiff should be considered as one "in possession of real estate involved as owner." While in one sense this may seem like permitting one to pull himself up by his bootstraps, this construction was intended by the exception. The purpose of the section was to protect purchasers of real estate from stale claims and to make record titles more readily marketable. A person who with his predecessor in title has been in possession of land for fifty years ought not to be foreclosed from establishing title to the land.

*Herzog*, 32 Wis. 2d at 31–32, 145 N.W.2d at 127 (emphasis added) (citations omitted).

The supreme court in *Herzog* went on to consider the evidence of adverse use, which the trial court had allowed subject to the objection. The supreme court determined that the evidence established exclusive use of the land for twenty years, although it did not determine on what date Herzog had obtained title by adverse possession. The fence that the court considered to be prima facie evidence of exclusive, open and hostile use existed, the court stated, from at least 1912 to 1942, and possibly part of it existed as late as 1947 or 1948. *Id.* at 32–33, 145 N.W.2d at 127–28. The supreme court also noted the construction of a gravel driveway on part of the disputed land sometime after 1917, which was maintained and used until 1961. *Id.*

We grant that *Herzog* is not an easy case to apply. One reading is that the owner-in-possession exception permits proof of a claim of adverse possession but, once title by adverse possession is established, the thirty-year requirement of § 893.33(2), STATS., applies. This is difficult to reconcile with the language of subsec. (5), which appears to provide for exceptions to the application of the thirty-year rule. However, the court's express language, which we have emphasized in the above quote—"Upon the expiration of such period of time [necessary to establish adverse possession] the thirty-year period commences to run"—says just that.

Another reading of *Herzog*, advanced by Shelton, is that the owner-in-possession exception permits proof of a claim of adverse possession, and, if the claimant succeeds in establishing title, then, by virtue of that same exception, the thirty-year rule does not apply. This latter application of the "owner-in-possession" exception is consistent with the language of subsec. (5). The supreme court's statements that "the trial court should have held sec. 330.15 [§ 893.33], STATS., did not

apply to the plaintiff in this action because of the owner-in-possession exception" and that "[a] person who with his predecessor in title has been in possession of land for fifty years ought not to be foreclosed from establishing title to the land," arguably lend support to Shelton's view. *Id.* at 32, 145 N.W.2d at 127. In addition, the supreme court's failure to determine what date Herzog had established title by adverse possession—with facts permitting an inference, at least, that it might have been more than thirty years before the suit was brought (that is, 1932, twenty years from the erection of the fence)—lends support to the view that the supreme court was not applying the thirty-year requirement at all.

However, in the later case, *Leimert*, the supreme court leaves little room for doubt that it considers *Herzog* to require application of the thirty-year rule. In *Leimert*, the claim was for a prescriptive easement rather than title by adverse possession. Although both require visible, open, notorious and hostile use for twenty years, that use need not be exclusive for a prescriptive easement, but must be exclusive for adverse possession. *Compare Leimert*, 79 Wis. 2d at 296, 255 N.W.2d at 530, *with Allie v. Russo*, 88 Wis. 2d 334, 343, 276 N.W.2d 730, 735 (1979). The court in *Leimert* agreed with the trial court that the requisite twenty years of use began in 1940 and was completed in 1960. In response to the defendant's assertion that § 893.33, STATS., (then § 893.15, STATS.) barred her claim because she had not filed timely notice in the office of the register of deeds, the court, citing *Herzog*, stated:

> Our court has held as to this subsection: "The transaction or event referred to in sub. (1) as applied to adverse possession means adverse possession for

the period of time necessary under the circumstances to obtain title. Upon the expiration of such period of time the thirty-year period commences to run." Applying the *Herzog* holding to the case at bar, we have a period of prescriptive use beginning in 1941 and running for the required twenty-year period until 1961.[3] It is at that point in 1961 that the thirty-year limitation attaches. Thus the present claim of easement by prescription would not be barred until 1991.

*Leimert*, 79 Wis. 2d at 298, 255 N.W.2d at 530–31 (footnote omitted) (footnote added).

This application of *Herzog* in *Leimert* resolves the uncertainty about how to read *Herzog.* Shelton argues that *Leimert* is not controlling, because that was a claim for prescriptive easement and the only claim he is pursuing now is for adverse possession. We agree that, based on the language of the owner-in-possession exception, one could argue that a person who establishes title by adverse possession is an owner of the property, and therefore exempt from § 893.33, STATS., altogether, whereas a person who establishes a prescriptive easement is not an owner in possession and therefore not exempt. However, the *Leimert* court did not make that distinction. It applied *Herzog's* reasoning regarding a claim of adverse possession to the claim of prescriptive easement in a way that leaves no doubt that it considered the thirty-year rule to apply to both claims, beginning at the end of the requisite twenty-

---

[3] The *Leimert* court referred to the dates 1940 and 1960 earlier in its opinion, as we indicated. We assume the court deliberately uses 1941 and 1961 in this portion because the use may have begun sometime during 1940 and ended sometime during 1960.

year period. *See Leimert*, 79 Wis. 2d at 298, 255 N.W.2d at 530–31.

Shelton also argues that our recent case of *Harwick v. Black*, 217 Wis. 2d 691, 580 N.W.2d 354 (Ct. App. 1998), lends support to his position. In *Harwick*, we considered the issue of whether the requisite twenty years of use required for an adverse possession claim must immediately precede the filing of the lawsuit, and we held it did not. *Id.* at 701, 580 N.W.2d at 358. We relied on *Herzog* in support of our conclusion that "adverse possession for any twenty-year time period" was sufficient to establish title by adverse possession. *Id.* In *Harwick*, we remanded to the trial court to determine whether there had been adverse possession of the disputed property for any twenty-year period, because the trial court had not done that. Shelton points to the claimants' contention in *Harwick* that they had "adversely possessed" the disputed property "for more than sixty years preceding the commencement of the . . . action", *id.* at 695, 580 N.W.2d at 356, as an indication that § 893.33, STATS., did not bar their claim. However, the applicability of § 893.33 was not raised or addressed in any way in *Harwick*. Our reliance on *Herzog* was limited to its analysis of the merits of the adverse possession claim.

While the reasoning in both *Herzog* and *Leimert* may raise questions that remain unanswered, we are persuaded that together they answer the question before us. Because Shelton did not perform the acts required by § 893.33(2), STATS., within thirty years of obtaining title by adverse possession, the trial court properly dismissed that claim.

*By the Court.*—Order affirmed.