Randy O'NEILL and Rita O'Neill, Plaintiffs-Appellants-Petitioners,

v.

James REEMER and Weyerhaeuser Company d/b/a Northwest Hardwoods, Defendants-Respondents.

Supreme Court

*No. 01–2402. Oral argument November 14, 2002.—Decided March 5, 2003.*

2003 WI 13

(Also reported in 657 N.W.2d 403.)

546

For the plaintiffs-appellants-petitioners there were briefs by *Daniel C. Arndt* and *Arndt, Buswell & Thorn, S.C.,* Sparta, and oral argument by *Daniel C. Arndt.*

For the defendant-respondent, James Reemer, there was a brief by *Ralph E. Johnson* and *UAW-GM Legal Services Plan,* Janesville, and oral argument by *Ralph E. Johnson.*

For the defendants-respondents, James Reemer and Weyerhaeuser Company d/b/a Northwest Hardwoods, there was a brief by *Gerald W. Laabs* and *Laabs, Skolos & Mills, LLP,* Black River Falls, and *James M. Isaacson* and *Falkenberg & Isaacson, LLC,* Cadott.

¶ 1. ANN WALSH BRADLEY, J. The petitioners, Randy and Rita O'Neill, seek review of an unpublished decision of the court of appeals that affirmed the circuit court's grant of summary judgment dismissing the O'Neills' trespass claim against James Reemer, their neighbor, and Weyerhaeuser Company, which logged the strip of property in dispute.[1] The petitioners assert that the court of appeals erred in concluding that when a right of ownership is acquired by adverse possession over a 20–year period, the right may nevertheless be lost if within the subsequent 30 years title is not recorded as required by Wis. Stat. § 893.33(2) (1999–2000).[2] Because we conclude that the owner-in-possession exception to the 30–year recording requirement applies to adverse possession claims, we reverse the court of appeals decision and remand the action to the circuit court for further proceedings.

I

¶ 2. The O'Neills and James Reemer own adjoining real property in the Township of Little Falls, Monroe County, Wisconsin. The dispute in this case involves a strip of land that runs along the boundary between the two properties. Reemer has record title to the

---

[1] *O'Neill v. Reemer,* No. 01–2402, unpublished slip op. (Wis. Ct. App. April 25, 2002) (affirming a judgment of the circuit court of Monroe County, Michael J. McAlpine, Judge).

[2] All subsequent references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

disputed strip. The O'Neills claim ownership of the disputed strip based on adverse possession. They filed this trespass action after Weyerhaeuser, hired by Reemer, logged the strip.

¶ 3. According to affidavits submitted by the O'Neills in support of their motion for partial summary judgment, a barbed wire fence was erected in 1944 by the O'Neills' predecessor in title to keep in livestock. The disputed strip is the land between the fence and the record boundary. Randy O'Neill's father purchased the land in 1958 and conveyed it to the petitioners in approximately 1999. The O'Neills and their predecessors in title claim to have used the land up to the fence for pasturing or hunting from 1944 through to the day logging began.

¶ 4. Reemer submitted affidavits in support of his cross motion for summary judgment averring that the fence consisted of only a few strands of barbed wire and that the disputed strip of property was a wild and overgrown natural area. He argued that the 30–year recording requirement precluded the O'Neills from asserting ownership by adverse possession.

¶ 5. For purposes of ruling on the summary judgment motions, the circuit court assumed that the adverse possession claim had ripened in 1964. Using the reasoning of *Shelton v. Dolan,* 224 Wis. 2d 334, 591 N.W.2d 894 (Ct. App. 1998), the circuit court determined that as of 1964 the 30–year period set forth in Wis. Stat. § 893.33(2) began to run against the adverse possession claim. Because neither the O'Neills nor their predecessors in title recorded any instrument or notice of claim to the disputed strip between 1964 and 1994, the circuit court concluded that any claim that the O'Neills may have had to ownership of the disputed strip based on adverse possession was barred as of 1994.

Thus, the circuit court granted summary judgment dismissing the O'Neills' adverse possession claim.

¶ 6. In the alternative, the circuit court concluded that if the O'Neills' adverse possession claim was not barred by Wis. Stat. § 893.33(2), there were disputed issues of fact regarding whether the fence erected in 1944 was a substantial enclosure, which would preclude summary judgment for either party.[3]

¶ 7. The court of appeals affirmed the circuit court's decision. Applying Wis. Stat. § 893.33 as it was interpreted in *Shelton,* the court of appeals concluded that since neither the O'Neills nor their predecessor in title had recorded an instrument or a notice of claim to the disputed property within 30 years of the date on which they assert they obtained title by adverse possession, the circuit court correctly dismissed the O'Neills' claim. However, in its decision the court of appeals raised questions regarding the validity of *Shelton's* construction and application of the 30–year recording requirement to adverse possession claims. The court of appeals acknowledged the reasonableness of the petitioners' arguments, but observed that it was only the supreme court, not the court of appeals, which has the authority to overrule or modify *Shelton. O'Neill v. Reemer,* No. 01–2402, unpublished slip op. at ¶ 10 (Wis. Ct. App. April 25, 2002). The O'Neills now seek review of the decision of the court of appeals.

---

[3] The circuit court also concluded that if Wis. Stat. § 893.33(2) were not a bar and the O'Neills succeeded in establishing ownership by adverse possession, they would be entitled to damages for any loss under Wis. Stat. §§ 26.05 and 26.09.

## II

¶ 8. This case provides us with an opportunity to review the issue of whether the owner-in-possession exception to the 30–year recording requirement set forth in Wis. Stat. § 893.33 applies to adverse possession claims. This issue is raised in the context of a grant of summary judgment. We review a circuit court's grant or denial of summary judgment independently of the circuit court or court of appeals, applying the same methodology as the circuit court. *Torgerson v. Journal/Sentinel, Inc.,* 210 Wis. 2d 524, 536, 563 N.W.2d 472 (1997). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Here, there is no dispute of material facts relevant to the issue before this court. Instead, we are presented with a question of law which is subject to independent appellate review. *Lewis v. Physicians Ins. Co. of Wisconsin,* 2001 WI 60, 243 Wis. 2d 648, 654, 627 N.W.2d 484.

## III

¶ 9. Our discussion in this case centers on statutes relating to adverse possession and decisions from this court and the court of appeals interpreting those statutes. The relevant statutes create the 30–year recording requirement and the owner-in-possession exception to that requirement. The 30–year recording requirement is set forth in Wis. Stat. § 893.33(2) which provides in part:

> [N]o action affecting the possession or title of any real estate may be commenced . . . which is founded upon any . . . event occurring more than 30 years prior to the

date of commencement of the action, unless . . . within 30 years after the date of the . . . event there is [an instrument or notice of claim recorded with the register of deeds].

¶ 10. The purpose of the 30–year recording requirement is to enhance the marketability of title to real estate and protect purchasers of real estate from stale claims challenging their title or possession. *Herzog v. Bujniewicz,* 32 Wis. 2d 26, 32, 145 N.W.2d 124 (1966). Under the 30–year recording requirement, a person who claims ownership rights as the result of an event loses the right to bring a claim based on that event if an instrument or notice of claim is not recorded within 30 years of the event. Adverse possession for the period of time necessary under the circumstances to obtain title is considered to be an "event" covered by the 30–year recording requirement and the 30–year period commences to run upon the expiration of that period. *Id.* at 31.

¶ 11. The owner-in-possession exception to the 30–year recording requirement is created by Wis. Stat. § 893.33(5) which provides in part:

[The 30–year recording requirement] does not apply to any action commenced . . . by any person who is in possession of the real estate involved as owner at the time the action is commenced.

The owner-in-possession exception ensures that the rights of owners who are in possession of their property are not affected if they have not made the filings of record that would otherwise be necessary under the 30–year recording requirement. The exception does not impair the purpose of the 30–year recording require-

ment because the expectations of purchasers of property, whose interests are protected by the 30–year recording requirement, are different if the property that they are purchasing is clearly possessed by a party outside the chain of record title. This notice by possession and resulting difference in expectations provides the foundation of the owner-in-possession exception to the 30–year recording requirement.[4]

¶ 12. As noted, the court of appeals here applied the *Shelton* court's construction of the 30–year recording requirement and the owner-in-possession exception in reaching its conclusion that the circuit court properly granted summary judgment dismissing the O'Neills' adverse possession claim. The plaintiff in *Shelton* argued that the 30–year recording requirement did not apply to claims of adverse possession because of the owner-in-possession exception. The court of appeals rejected that argument and concluded that the plaintiff's adverse possession claim was properly dismissed because of a failure to satisfy the 30–year recording requirement.

¶ 13. In arriving at its ruling in *Shelton,* the court of appeals looked to two previous decisions of the supreme court, *Herzog* and *Leimert v. McCann,* 79 Wis.

_____

[4] We note that Wis. Stat. § 706.09 protects purchasers for value from certain adverse claims of which they have no notice. Although Reemer cites Wis. Stat. § 706.09 as support for his argument regarding the interpretation of the owner-in-possession exception in Wis. Stat. § 893.33, the issue of whether the provisions of Wis. Stat. § 706.09 would directly bar the O'Neills' claim does not appear to have been argued before the circuit court or the court of appeals. Additionally, it was not fully briefed or argued in this court. Accordingly, we make no conclusions regarding the direct applicability of Wis. Stat. § 706.09 to this case.

2d 289, 255 N.W.2d 526 (1977), to see how to apply Wis. Stat. § 893.33 to ownership by adverse possession. To provide adequate background from which to evaluate *Shelton,* we first address this court's analysis of the two cases that serve as the underpinning of the *Shelton* decision.

¶ 14. In *Herzog,* we reviewed whether an adverse possessor can qualify for the owner-in-possession exception. *Herzog* involved a dispute between neighbors regarding the ownership of a 1.5–foot strip of property running along the boundary between two residential properties. Similar to the O'Neills, the plaintiff, Herzog, sought to introduce evidence of adverse possession establishing ownership as of a date that was prior to 30 years before she brought her action to quiet title in 1964.

¶ 15. The evidence indicated that the disputed strip was created by a fence that existed in 1912 and continued to exist until 1942. Part of the fence possibly continued to exist as late as 1948. At the time Herzog brought her claim, the fence no longer existed but a portion of the disputed strip was covered by a concrete driveway used by her.

¶ 16. The trial court held that the 30–year recording requirement made inadmissible any evidence of acts of adverse possession occurring prior to 30 years before the commencement of the action, and that the evidence related to acts within the 30 years was not sufficient to establish title in Herzog by adverse possession. *Herzog,* 32 Wis. 2d at 29. In analyzing the trial court's reasoning, we agreed that the 30–year recording requirement's reference to "action affecting possession or title" includes adverse possession claims. *Id.* at 30–31.

¶ 17. We concluded, however, that the trial court's interpretation of the 30–year recording requirement as limiting Herzog's claim was error because Herzog qualified for the owner-in-possession exception to the 30–year recording requirement:

> We think the trial court should have held [that the 30–year recording requirement] did not apply to the plaintiff in this action because of the owner-in-possession exception. For the purpose of asserting a claim to the disputed property based upon adverse possession, the plaintiff should be considered as one "in possession of real estate involved as owner."

*Id.* at 32. In reaching this conclusion, we stated that a party that has been in possession of land for fifty years should not be foreclosed from establishing title to the land. *Herzog,* 32 Wis. 2d at 32.

¶ 18. In *Leimert,* the second case relied on by the *Shelton* court, we addressed whether the 30–year recording requirement barred a prescriptive easement claim brought to establish rights to use a roadway. Neighbors Leimert and McCann each owned property on an island. The only point of mainland access was a causeway that connected the island to the mainland. Leimert had to use a roadway on McCann's property to access the causeway from her property. The trial court found that Leimert and her predecessors in title had continuously used the roadway from 1941 to 1961, which was sufficient to satisfy a finding of prescriptive easement.

¶ 19. McCann contended that Leimert's claim was barred by the 30–year recording requirement. In analyzing the issue, we cited *Herzog* for the proposition that the 30–year period does not commence until after the applicable adverse possession period has run. We therefore concluded that the 30–year period began to

run in 1961, after the 20–year period necessary to obtain a prescriptive easement had ended. *Leimert,* 79 Wis. 2d at 298. Since Leimert brought her claim before 1991, she was still within the 30–year period so the 30–year recording requirement did not bar her claim. *Id.*

¶ 20. *Shelton* extended the *Herzog* and *Leimert* analysis to conclude that a plaintiff cannot bring an adverse possession claim if the plaintiff has failed to satisfy the 30–year recording requirement, regardless of whether the plaintiff qualifies for the owner-in-possession exception. In *Shelton,* the plaintiff claimed that since the 1930s an access road connecting his property to Burris Road had been used by him and his predecessors in title. The access road crossed over property owned by the Dolans. For purposes of its decision, the court of appeals assumed without deciding that Shelton or his predecessor had obtained title by adverse possession and that the requisite 20 years of adverse use had ended sometime in the 1950s. The court of appeals concluded that because Shelton did not perform the acts required by the 30–year recording requirement within 30 years of obtaining title by adverse possession, the trial court properly dismissed his adverse possession claim. *Shelton,* 224 Wis. 2d at 344.

¶ 21. The analysis of the court of appeals in reaching this conclusion was based primarily on *Herzog* as interpreted by *Leimert. Shelton* quotes the following statement from *Herzog:* " 'Upon the expiration of such period of time [necessary to establish adverse possession] the thirty-year period commences to run.' " *Id.* at 341 (quoting *Herzog,* 32 Wis. 2d at 31). Not taking into account *Herzog*'s later discussion of the owner-in-possession exception, *Shelton* misinterprets this statement to mean that "the owner-in-possession exception

556

permits proof of a claim of adverse possession but, once title by adverse possession is established, the [30–year recording requirement] applies." *Id.*

¶ 22. The *Shelton* court expressed the difficulty it had in interpreting *Herzog.* It acknowledged that another reading of *Herzog* is that "the owner-in-possession exception permits proof of a claim of adverse possession, and, if the claimant succeeds in establishing title, then, by virtue of that same exception, the thirty-year rule does not apply." *Shelton,* 224 Wis. 2d at 341. Nevertheless, the *Shelton* court interpreted *Herzog* to require application of the 30–year recording requirement even if the adverse possessor qualifies for the owner-in-possession exception. It did so because it relied upon language in our *Leimert* decision. Yet that reliance was misplaced.

¶ 23. *Leimert* does not discuss the owner-in-possession exception. Discussion of the owner-in-possession exception was not necessary because the court had already determined that the 30–year recording requirement did not bar Leimert from proceeding with her prescriptive easement action, so there was no need to discuss whether she qualified for an exception to the rule. Further, *Leimert* is a prescriptive easement case, and *Shelton* acknowledged that one could argue that a person who has a prescriptive easement does have sufficient ownership rights to qualify as an owner-in-possession.

¶ 24. Thus the *Leimert* analysis does not address the owner-in-possession exception. *Shelton* misapplies *Leimert* in concluding that an adverse possessor qualifying for the owner-in-possession exception nevertheless remains subject to the 30–year recording requirement.

557

¶ 25. In the concurrence to the court of appeals decision in this case, Judge Lundsten writes separately to "emphasize the odd result dictated by *Shelton's* interpretation of prior supreme court decisions." *O'Neill v. Reemer,* unpublished slip op. at ¶ 12 (Lundsten, J., concurring). He questions *Shelton's* interpretation which permits claims that are based on 49 years of adverse possession but bars claims that are based on 51 years of adverse possession:

> Under *Shelton,* if a person continuously, openly and notoriously possesses property, sufficient to satisfy "uninterrupted adverse possession" under Wis. Stat. § 893.25(1) (1999–2000), for forty-nine years prior to a legal action, the person may obtain legal title to the property. However, if the legal action arises in the fifty-first year of such possession, the person has no claim because of Wis. Stat. § 893.33(5) and its thirty-year time limitation. *Shelton,* 224 Wis. 2d at 341–344.

*Id.* at ¶ 13. Judge Lundsten notes that there does not appear to be any greater need to discourage claims after fifty years of adverse possession compared with claims prior to fifty years of adverse possession. He concludes by stating that "*Shelton* draws a line that is neither required by the language of Wis. Stat. § 893.33(5) nor supported by sound policy." *Id.* at ¶ 14. We agree.

¶ 26. The line drawn by *Shelton* is contrary to the language of Wis. Stat. § 893.33(5) because *Shelton* applies the 30–year recording requirement to an owner-in-possession when the language of Wis. Stat. § 893.33(5) states that the 30–year recording requirement "does not apply to any action brought by any person who is in possession of the real estate involved as owner at the time the action is commenced."

¶ 27. Additional text within Wis. Stat. § 893.33(5) makes it clear that the legislature was differentiating between record title and legal ownership. The owner-in-possession exception in Wis. Stat. § 893.33(5) refers to "owner." The very next sentence, which sets out a different exception, refers to "record title." Indeed, the sentence after that, which creates another exception, also refers to "record title." This distinction has significance. It is a clear indication of the legislature's intent to tie the owner-in-possession exception to the legal owner rather than the holder of record title.

¶ 28. *Herzog* confirms that this was the legislature's intent and cites a law review article written by Roy Tulane, an attorney primarily responsible for drafting the statutes that create the 30–year recording requirement and the owner-in-possession exception. *Herzog*, 32 Wis. 2d at 32. In the article, Tulane writes:

> [The owner-in-possession exception] exempts from the operation of the act owners in possession. The term "owner" as therein used means simply the person who, either himself or in privity with others, has had possession or dominion over the property during the last ten or twenty years. [Footnote references "Wis. Stat. (1941) §330.05–.10."]

Roy Tulane and Ralph Axley, *Title to Real Property – Thirty Year Limitation Statute*, 1942 Wis. L. Rev. 258, 264. The use of the words "ten or twenty years" is a reference to the statutory periods for adverse possession—ten years if under color of title and twenty years if not under color of title. The statutes cited are the adverse possession statutes. Therefore, this quote indicates that use of the term "owner" in the owner-in-possession exception was intended to include those who own by adverse possession.

559

¶ 29. This interpretation of the legislature's intent is consistent with the purpose of the 30-year recording requirement to make record title more marketable, that is, to shorten the period of time within which the record title must be reviewed, as compared to before the 30-year recording requirement existed. The 30-year recording requirement was not intended to make record title more marketable as compared to title by adverse possession.

¶ 30. The line drawn by *Shelton* is also contrary to sound policy. It is illogical to construe a statute with a purpose of eliminating stale claims in such a way that after 50 years of staleness a right of ownership in record title is resurrected. In adverse possession cases, it is the record title to the property that has lain dormant and stale. At the end of the applicable adverse possession period, title vests in the adverse possessor and the record owner's title is extinguished. *Harwick v. Black,* 217 Wis. 2d 691, 701, 580 N.W.2d 354 (Ct. App. 1998). Even though title has been extinguished, *Shelton* would reignite the record owner's title and extinguish the title of the adverse possessor, even if the adverse possessor has been in continuous adverse possession for over 50 years.

¶ 31. The more sound result is achieved by permitting the adverse possessor to qualify for the owner-in-possession exception to the 30-year recording requirement. Otherwise, one who has adversely possessed property for over 50 years would not be able to claim title while one who has adversely possessed property between 20 and 50 years would be able to do so. In addition, adverse possession claims sometimes involve situations in which the parties are operating under the belief that the adverse possessor has record title to the property that is being adversely possessed. It is there-

fore illogical to create an expectation that the adverse possessor make a filing of record before the incident prompting the lawsuit arises.

¶ 32. Based on the foregoing analysis, we conclude that *Shelton* misinterprets *Herzog*, misapplies *Leimert*, and draws a line that is neither required by the language of Wis. Stat. § 893.33(5) nor supported by sound policy.[5] Accordingly, we overrule *Shelton*.

## IV

¶ 33. The circuit court noted that if it was error to grant summary judgment based on the application of the 30–year recording requirement as interpreted by *Shelton*, there was a genuine issue of material fact as to whether the fence constructed in 1944 constitutes a "substantial enclosure" under Wis. Stat. § 893.25. The resolution of this issue affects whether the O'Neills can establish ownership of the disputed strip by adverse possession.

¶ 34. Through affidavits, the O'Neills claim that the fence "was maintained as a boundary for the property and as a pasture enclosure for the cattle." Reemer, on the other hand, describes the "fence" as barbed wire strung from tree to tree and characterizes it as a makeshift method to enclose cattle. According to Reemer, it was insufficient to constitute a substantial enclosure.

¶ 35. Reemer also asserts that the fence is in a wild, wooded area and that he and his immediate predecessor in title did not even know the fence existed. There is some indication that the logging damaged the

---

[5] The plaintiff in *Shelton* did not petition this court to review the court of appeals decision. At oral argument, Reemer conceded that *Shelton* employed a faulty analysis.

fence. However, even prior to the logging, the fence appears to have been in a state of disrepair, possibly half up and half down.

¶ 36. Accordingly, although we have concluded that an owner by adverse possession can qualify for the owner-in-possession exception, it is not clear whether the O'Neills will be successful in their adverse possession claim. As the circuit court noted, there remains a genuine issue of material fact.

¶ 37. In sum, we agree with the premise of *Herzog* that "a person who with his predecessors in title has been in possession of land for over fifty years ought not to be foreclosed from establishing title to the land." *Herzog*, 32 Wis. 2d at 32. Because *Shelton* concludes to the contrary based on a misinterpretation of *Herzog* and misapplication of *Leimert*, we overrule *Shelton*. Instead, we reaffirm the conclusion of *Herzog* that the owner-in-possession exception to the 30–year recording requirement applies to adverse possession claims. Accordingly, we reverse the court of appeals and remand the action to the circuit court for further proceedings.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded.

¶ 38. JON P. WILCOX, J., did not participate.