Robert S. O'Kon and Brenda J. Ferron, Plaintiffs-Appellants,

v.

Frederick A. Laude, Defendant-Respondent.

Court of Appeals

*No. 03–2819. Submitted on briefs August 11, 2004.—Decided September 15, 2004.*

2004 WI App 200

(Also reported in 688 N.W.2d 747.)

On behalf of the plaintiffs-appellants, the cause was submitted on the brief of *J. Steen Heil* of *Gonyo Law Office* of Berlin.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Jeffrey T. Haase* of *Seising Law Office* of Berlin.

Before Brown, Nettesheim and Snyder, JJ.

¶ 1. NETTESHEIM, J. By summary judgment, the trial court ruled that the adverse possession claim of Robert S. O'Kon and Brenda J. Ferron (collectively, O'Kon) against Frederick A. Laude was barred by the thirty-year statute of limitations set forth in WIS. STAT. § 893.33(2) (2001–02).[1] In so ruling, the court rejected O'Kon's argument that his action was not barred because he qualified under the owner-in-possession exception in subsec. (5) of the statute. We conclude that the summary judgment record establishes a genuine issue of material fact as to whether O'Kon is the owner of the disputed property by virtue of adverse possession under WIS. STAT. § 893.25 and, therefore, whether he falls under the owner-in-possession exception to § 893.33(2). We reverse the trial court's grant of summary judgment and remand for further proceedings.

### BACKGROUND

¶ 2. The facts are brief and undisputed. On or about April 11, 1985, O'Kon acquired his boyhood home in Berlin, Wisconsin, from his mother by warranty

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

deed.[2] O'Kon's family had owned the property since 1935. Laude bought the adjoining property in October 2000. Laude's record title includes the area in dispute, which is an eight- to ten-foot strip of land situated adjacent and contiguous to the southern boundary of O'Kon's property.

¶ 3. O'Kon's complaint alleged that he and his predecessors in interest "have used or otherwise occupied [the area in dispute] in an open and hostile manner, exclusive of every other right and continuously for more than twenty years." O'Kon's residence is situated on a portion of the disputed area. The complaint further alleged that the strip of land has been continuously "mowed, cleared and cultivated" by O'Kon and his predecessors in interest for a period of twenty years "resulting in the presence of an occupational line running from the northeast corner of [Laude's] garage in an easterly direction to the easternmost boundary of [O'Kon's] property." By way of relief, O'Kon requested a declaratory judgment confirming his ownership of the disputed area by adverse possession. Laude's answer denied the material allegations of the complaint and sought dismissal of O'Kon's action.

¶ 4. On July 12, 2002, O'Kon submitted a Plat of Survey depicting the property at issue, and on August 22, 2002, he submitted a letter brief accompanied by supporting affidavits from previous occupants of the O'Kon residence attesting to the continuous use of the disputed area by O'Kon and his predecessors since 1935. Laude filed a reply letter brief asserting that O'Kon's adverse possession claim was barred by WIS. STAT. § 893.33(2), which, subject to certain exceptions, bars a

[2] O'Kon later gave Ferron an interest in the property by warranty deed dated September 13, 1989.

claim to the title or possession of land based "upon any transaction or event occurring more than 30 years prior to the date of commencement of the action . . . ." Since O'Kon claimed continuous use of the property since 1935, more than thirty years prior to the commencement of the action, Laude sought dismissal of O'Kon's action.[3]

¶ 5. Laude filed a motion for summary judgment contending that O'Kon's claim was barred by the thirty-year time limitation set out in Wis. Stat. § 893.33(2). Following a hearing, the trial court entered an order dismissing O'Kon's adverse possession claim, except as to that portion of the disputed area physically occupied by O'Kon's residence.[4] Relying on the court of appeals decision in *Shelton v. Dolan*, 224 Wis. 2d 334, 591 N.W.2d 894 (Ct. App. 1998), the court ruled that O'Kon's adverse possession claim was subject to the thirty-year recording requirement set forth in Wis. Stat. § 893.33(2), regardless of whether O'Kon could qualify for the owner-in-possession exception set out in subsec. (5) of the statute. O'Kon's original appeal of the court's

[3] We note that O'Kon's submission of this evidentiary material and the parties' submission of briefs preceded Laude's motion for summary judgment. O'Kon's letter brief, addressed to the trial court, states that the brief is submitted "[p]ursuant to your request." Beyond that, neither the parties' briefs nor the trial court record reveals what procedure prompted these submissions. Regardless, neither party registers any objection to the procedure or to the fact that the trial court considered these submissions when making its summary judgment ruling.

[4] The trial court retained jurisdiction as to this portion of O'Kon's complaint. Later the court granted summary judgment to O'Kon as to this portion of the disputed area. Laude does not cross-appeal this ruling, and we do not address it further. Thus, our discussion is limited to that portion of the disputed area which is not physically occupied by O'Kon's dwelling.

ruling was dismissed by this court on grounds that the trial court's order was nonfinal based on the court's retention of jurisdiction as to the portion of the property underlying O'Kon's residence.

¶ 6. On August 15, 2003, O'Kon filed a motion to amend the judgment either by granting summary judgment in his favor or by clarifying the order so as to render it a final decision for purposes of appeal. In support of his request that the court grant summary judgment in his favor, O'Kon cited a recent decision of the supreme court, *O'Neill v. Reemer*, 2003 WI 13, 259 Wis. 2d 544, 657 N.W.2d 403, which overruled *Shelton* and which clarified the application of the statute of limitations set forth in Wis. Stat. § 893.33. The *O'Neill* court agreed with *Shelton* that § 893.33(2) applied to claims of adverse possession but further concluded that the owner-in-possession exception to the thirty-year statute of limitation also applies to adverse possession cases. *O'Neill*, 259 Wis. 2d 544, ¶ 28 ("[T]he use of the term 'owner' in the owner-in-possession exception was intended to include those who own by adverse possession.").

¶ 7. Following a hearing on O'Kon's motion, the trial court ruled that O'Kon was the owner in possession of the parcel of land physically occupied by his residence, but was not an owner in possession of the remaining portion of the disputed area. O'Kon appeals the latter portion of the court's ruling.

### DISCUSSION

¶ 8. In arguing for reversal, O'Kon relies on the supreme court's decision in *O'Neill* which addressed the owner-in-possession exception to Wis. Stat. § 893.33. O'Kon contends that he qualifies for the owner-in-possession exception if he can prevail on his adverse

671

possession claim and that material issues of fact exist as to whether he has adversely possessed the disputed area.

¶ 9. We review an order granting summary judgment independently using the same methodology as the circuit court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). Any doubt as to the existence of a genuine issue of material fact should be resolved against the party seeking summary judgment. *Grams v. Boss,* 97 Wis. 2d 332, 338–39, 294 N.W.2d 473 (1980).

¶ 10. WISCONSIN STAT. § 893.25 recognizes actions to establish title to real estate based on a claim of adverse possession. WISCONSIN STAT. § 893.33(2) is the statute of limitations governing such claims. As applied to this case, the statute bars an action affecting the possession or title of any real estate which is founded upon any event occurring more than thirty years prior to the date of the commencement of the action unless within that thirty years there is an instrument or notice of claim recorded with the register of deeds. However, this limitations period is subject to an owner-in-possession exception set forth at subsec. (5). It provides: "[The thirty-year recording requirement] does not apply to any action commenced . . . by any person who is in possession of the real estate involved as owner at the time the action is commenced." Sec. 893.33(5).

¶ 11. In *O'Neill*, the supreme court explained the purpose of the thirty-year recording requirement set forth in WIS. STAT. § 893.33(2) and the reasoning underlying the owner-in-possession exception:

> The purpose of the 30–year recording requirement is to enhance the marketability of title to real estate and protect purchasers of real estate from stale claims challenging their title or possession. Under the 30–year recording requirement, a person who claims ownership rights as the result of an event loses the right to bring a claim based on that event if an instrument or notice of claim is not recorded within 30 years of the event. Adverse possession for the period of time necessary under the circumstances to obtain title is considered to be an "event" covered by the 30–year recording requirement and the 30–year period commences to run upon the expiration of that period.
>
> The owner-in-possession exception ensures that the rights of owners who are in possession of their property are not affected if they have not made the filings of record that would otherwise be necessary under the 30–year recording requirement. The exception does not impair the purpose of the 30–year recording requirement because the expectations of purchasers of property, whose interests are protected by the 30–year recording requirement, are different if the property that they are purchasing is clearly possessed by a party outside the chain of record title. This notice by possession and resulting difference in expectations provides the foundation of the owner-in-possession exception to the 30–year recording requirement.

*O'Neill*, 259 Wis. 2d 544, ¶¶ 10–11 (citations and footnote omitted).

¶ 12. *O'Neill* makes clear that the "use of the term 'owner' in the owner-in-possession exception was in-

tended to include those who own by adverse possession." *Id.*, ¶ 28. *O'Neill* additionally instructs that in determining whether a plaintiff qualifies for the owner-in-possession exception to WIS. STAT. § 893.33, a court must first determine the validity of the plaintiff's claim of ownership by adverse possession pursuant to WIS. STAT. § 893.25. *See O'Neill*, 259 Wis. 2d 544, ¶¶ 33, 36–37.

¶ 13. Here, in examining O'Kon's claim in light of *O'Neill*, the circuit court determined that an owner in possession required something more than adverse possession. The circuit court stated that there must be a "possessory interest that was clear, notorious, open and anybody walking on the property . . . would not have reasonably questioned . . . the probable property line." As to the disputed land not directly underneath O'Kon's home, the circuit court determined that O'Kon had failed to establish sufficient facts upon which to establish ownership and, therefore, his claim was barred by the statute of limitations under WIS. STAT. § 893.33(2). The court also stated:

> [T]he portion under the house is, based on *O'Neill*, owned by Mr. O'Kon as owner in possession of that property, and that the rest of the land claimed by Mr. O'Kon is subject to his claim of adverse possession, but would be barred by the statute of limitations for failure to have some filing made to assert that claim, because that is clearly not owner in possession . . . .

The trial court's statements suggest that it, like the *Shelton* court, misinterpreted the application of the owner-in-possession exception as permitting proof of a claim of adverse possession which, even if established, would be subject to the thirty-year recording requirement. *See O'Neill*, 259 Wis. 2d 544, ¶¶ 21, 24.

¶ 14. Based on *O'Neill*, we agree with O'Kon that the trial court erred when ruling that the summary judgment record did not create a material issue of fact on O'Kon's adverse possession claim, which, if successful, would qualify the claim under the owner-in-possession exception to the time bar imposed by Wis. Stat. § 893.33.

¶ 15. Wisconsin Stat. § 893.25 governs claims of adverse possession, not founded on written instruments. It provides in relevant part:

> **(1)** An action for the recovery or the possession of real estate and a defense or counterclaim based on title to real estate are barred by uninterrupted adverse possession of 20 years, except as provided by s. 893.14 and 893.29. A person who, in connection with his or her predecessors in interest, is in uninterrupted adverse possession of real estate for 20 years, except as provided by s. 893.29, may commence an action to establish title under ch. 841.

> **(2)** Real estate is possessed adversely under this section:

> (a) Only if the person possessing it, in connection with his or her predecessors in interest, is in actual continued occupation under claim of title, exclusive of any other right; and

> (b) Only to the extent that it is actually occupied and:

> 1. Protected by a substantial enclosure; or

> 2. Usually cultivated or improved.

¶ 16. In support of his claim of adverse possession, O'Kon alleged in his complaint that he and his

predecessors in interest had "mowed, cleared and culti-
vated" the subject property for a period of twenty years.
Accompanying his brief to the court in support of his
claim for adverse possession were affidavits from his
brothers, his mother, and a longtime neighbor, James
Bella. O'Kon also submitted photographs taken on the
disputed piece of property illustrating the use of the
property by O'Kon's predecessors in interest. The affi-
davit of O'Kon's brother, Donald, who had lived in the
O'Kon home from 1938 until 1959, averred that the
O'Kon family had "always cut grass" on the property,
had planted raspberries and gardens on the property
and had piled debris on the property line. He stated that
the "cutting, planting and working of the area" was
done in accordance with seasonal uses. O'Kon's brother
Daniel, who resided on the property from 1948 until
1967, also recalled having a garden on the disputed
tract of property which they tilled, weeded and plowed
every year.

¶ 17. The affidavit of O'Kon's mother confirms
O'Kon's understanding of the disputed property line
and use of property in question. Finally, the affidavit
from O'Kon's neighbor, James Bella, also confirms
O'Kon's understanding of the property lines between
the two houses based on the existence of a garden which
ran "right up against the shed and garage" and "contin-
ued all the way to the back of the property." Bella has
been a neighbor for fifty-six years and recalls the
garden existing until the 1980's when O'Kon cleared the
property and began to maintain and mow a lawn in that
area. O'Kon's representations are not disputed by
Laude in the summary judgment record.

¶ 18. We conclude that O'Kon's summary judg-
ment evidence, which attest to the cultivating and
improving of the property in question, *see* WIS. STAT.

676

§ 893.25(2)(b)2, are sufficient to raise a genuine issue of material fact as to the claim of adverse possession, especially in the absence of any evidentiary proof to the contrary.

¶ 19. In reaching our decision, we observe that in *O'Neill*, the affidavits submitted in support of the O'Neills' claim of adverse possession averred that a barbed wire fence was erected in 1944 by the O'Neills' predecessor in title to keep in livestock and that the O'Neills and their predecessors had used the disputed strip of land for pasturing and hunting from 1944 until the time of the alleged trespass by the record title holder, James Reemer. *O'Neill*, 259 Wis. 2d 544, ¶¶ 2–3. The affidavits submitted by Reemer in opposition to the O'Neills' claims asserted that the fence consisted of only a few strips of barbed wire and that the area was a wild and overgrown natural area. *Id.*, ¶ 4. Based on this record, the supreme court concluded that the O'Neills could qualify for the owner-in-possession exception and that the summary judgment record demonstrated a genuine issue of material fact as to the O'Neills' claim for adverse possession. *Id.*, ¶ 36. The court remanded for further proceedings on that question. *Id.*, ¶ 37.

¶ 20. Here, O'Kon has submitted at least as much evidence in support of his adverse possession claim and Laude submitted nothing to the contrary. That arguably might have entitled O'Kon to summary judgment.[5] However, on appeal O'Kon does not develop an argument for that relief. Instead, he complains only about

---

[5] During the course of his oral argument in opposition to Laude's motion for summary judgment, O'Kon noted that Laude had not filed any evidentiary materials to counter O'Kon's evidence. Based on this state of the record, O'Kon asked the trial court to grant summary judgment in his favor. The court declined.

the trial court's grant of summary judgment to Laude. Therefore, we limit our mandate to the relief sought by O'Kon—a reversal and a remand for further proceedings on O'Kon's claim for adverse possession. The resolution of that question will, in turn, determine whether O'Kon qualifies under the "owner-in-possession" exception.

## *CONCLUSION*

¶ 21. O'Kon's uncontested summary judgment evidence would permit a fact finder to find in favor of his adverse possession claim. We reverse and remand for further proceedings on that claim.

*By the Court.*—Order reversed and cause remanded.