Donald Rowley and Lillian Rowley, Plaintiffs-Respondents,
v.
Robert M. Thompson and Betty J. Thompson, Defendants-Appellants.
No. 04-1268-FT.
Court of Appeals of Wisconsin.
Opinion Filed: September 23, 2004.
Before Deininger, P.J., Dykman and Higginbotham, JJ.
¶1 PER CURIAM.
Robert and Betty Thompson appeal a judgment granting disputed property to Donald and Lillian Rowley by adverse possession. The issues are whether the Rowleys used the property frequently and substantially enough to establish adverse possession of it and whether the evidence supported a finding that their use was not permissive. We affirm on both issues.
¶2 The Thompsons own property to the west and the Rowleys to the east of a disputed thirteen-foot-wide strip of land that is between their lots. The Thompsons undisputedly held record title to the strip in its entirety. The Rowleys undisputedly used it in some manner for over twenty years.
¶3 After a bench trial the court awarded each side a portion of the strip. The uses that constituted the Rowleys' adverse possession to their portion, in the trial court's opinion, were cutting down trees in the strip in the 1980s, without objection by the Thompsons' predecessor in interest, and planting two maple trees in the area in 1997, without objection from the Thompsons, who purchased the property in 1996. The Rowleys had also mowed the entire area for years but the trial court did not find that fact significant. However, the court did consider relevant the fact that the Thompsons never mowed east of the surviving maple tree, which grows roughly in the center of the strip. There was also testimony that the Rowleys had planted and tended other shrubs and trees in the area and that until a 2002 survey, the Thompsons and their predecessors believed the property line to be somewhere near the middle of the strip. The testimony also showed that the Rowleys had used a different portion of the Thompsons' land permissively but the trial court found no connection between their use of that separate portion of the Thompsons' land and their adverse use in the disputed strip.
¶4 The judgment awarded the Rowleys the property lying east of the north south line intersecting the west side of the surviving maple tree. The property west of that line, approximately forty-five percent of the total disputed area, remains in the Thompsons' possession.
¶5 The issue before us is whether the facts as found by the trial court meet the statutory standard for adverse possession. That is a question of law that this court decides de novo. Shelton v. Dolan, 224 Wis. 2d 334, 337, 591 N.W.2d 894 (Ct. App. 1998), overruled on other grounds, O'Neill v. Reemer, 2003 WI 13, 259 Wis. 2d 334, 591 N.W.2d 894. The statutory standard is met on proof of uninterrupted adverse possession of land for twenty years, as shown by a substantial enclosure or by usually cultivating or improving the land. WIS. STAT. § 893.25 (2001-02).[1] To constitute adverse possession, the use of the land must be open, notorious, visible, exclusive, hostile and continuous, sufficient to apprise a landowner and the public that the possessor claims the land as his or her own. Pierz v. Gorski, 88 Wis. 2d 131, 137, 276 N.W.2d 352 (Ct. App. 1979). Acts consistent with sporadic trespass are insufficient to apprise a reasonably diligent owner of an adverse claim. Id.
¶6 The Rowleys sufficiently used the property awarded them to adversely possess it. Essentially, it was part of their yard and their predecessor's yard, going back continuously to 1959. At all times they acted in a manner consistent with ownership and did so in an open, visible manner. The Thompsons cannot reasonably contend that the Rowleys were not obviously using the disputed area as their own. Their use was exclusive, as well, at least to the maple tree where the trial court drew the dividing line. The Thompsons and their predecessor did not mow over that line nor otherwise use the area. The test of hostile use was therefore met because the term "hostile" means only that the one in possession claims exclusive right to the land. Leciejewski v. Sedlak, 110 Wis. 2d 337, 343, 329 N.W.2d 233 (Ct. App. 1982). Although the Thompsons contend that the evidence showed only sporadic use, the Rowleys' use was consistent with the use one might put to a small part of a large residential yard. That use was sufficient to put the Thompsons and their predecessor on notice and consequently was not insufficiently frequent or continuous. See Burkhardt v. Smith, 17 Wis. 2d 132, 138, 115 N.W.2d 540 (1962) (Using property in an ordinary manner that an owner would use such property in a usual course of events provides sufficient notice of adverse possession.).
¶7 No evidence supports the Thompsons' claim that the Rowleys' use was permissive. Lillian Rowley and her family formerly had a garden on what has always been the Thompson property. They used the area with permission of the prior owner. However, the garden area was separate and apart from the disputed strip. There was no testimony linking the two distinct areas or indicating that the permission to use the former extended to the latter.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.