Randy O'Neill and Rita O'Neill, Plaintiffs-Respondents,
v.
James Reemer, Defendant-Appellant,
Weyerhaeuser Company D/B/A Northwest Hardwoods, Defendant.
No. 2004AP842.
Court of Appeals of Wisconsin.
Opinion Filed April 21, 2005.
Before Deininger, P.J., Dykman and Higginbotham, JJ.
¶1 PER CURIAM.
James Reemer appeals from a judgment that vested title to property in Randy O'Neill and Rita O'Neill and awarded them money damages. The issue is whether the court erred by rejecting Reemer's attempt to defend against their adverse possession claim by arguing that he was an "innocent purchaser" of the property, as provided in WIS. STAT. § 706.09 (2003-04).[1] We affirm.
¶2 This case has been the subject of previous appellate litigation. See O'Neill v. Reemer, 2003 WI 13, 259 Wis. 2d 544, 657 N.W.2d 403. The current appeal arises from the trial that was held on remand. Following that trial, the court found that the O'Neills had established the elements of their claim of adverse possession, based on use and enclosure of the land for a twenty-year period starting in 1954 and running "minimally" until 1974. That part of the decision is not at issue in this appeal. The issue argued in this appeal relates to WIS. STAT. § 706.09, which, described generally, has the effect of freeing certain purchasers of land from claims of adverse possession that predate their purchase and of which they had no notice. Specifically, the dispute relates to the definition of "notice," which provides in relevant part:
(2) A purchaser has notice of a prior outstanding claim or interest, within the meaning of this section wherever, at the time such purchaser's interest arises in law or equity:
(a) Such purchaser has affirmative notice apart from the record of the existence of such prior outstanding claim, including notice, actual or constructive, arising from use or occupancy of the real estate by any person at the time such purchaser's interest therein arises, whether or not such use or occupancy is exclusive; but no constructive notice shall be deemed to arise from use or occupancy unless due and diligent inquiry of persons using or occupying such real estate would, under the circumstances, reasonably have disclosed such prior outstanding interest; nor unless such use or occupancy is actual, visible, open and notorious....
¶3 Reemer argues the circuit court erred by concluding that the two required conditions for constructive notice were satisfied. The court determined that Reemer failed to make due and diligent inquiry because the existence of a deer hunting blind on the disputed property was something that should give notice to a potential buyer that there may be someone else claiming title to the land. The court made no express finding as to whether the O'Neills' use or occupancy at the time of Reemer's purchase in 1999 was actual, visible, open, and notorious. The court also made no express finding as to the condition of the fence at that time. In its ruling on adverse possession, the court did not state when after 1974, if ever, the O'Neills' conduct fell below a level that would sustain a conclusion of adverse possession.
¶4 Reemer argues that the existence of the blind was not sufficient evidence to meet the statutory tests. In response the O'Neills argue, among other things, that the court implicitly found that the fence was still in usable condition, because the court awarded damages for its destruction during the logging. The court adopted certain testimony that twenty percent of the fence was "down under toppings from the logging operation," and accordingly the court awarded twenty percent of the estimated replacement cost for the entire fence. We accept this as an implicit finding that the fence was still intact at the time of Reemer's purchase, and therefore that the O'Neills' use of the property was such that a due and diligent inquiry by Reemer would, under the circumstances, reasonably have disclosed their prior outstanding interest, and that the O'Neills' use was at that time actual, visible, open and notorious. Accordingly, we conclude that the trial court did not err in finding that Reemer did not defeat the adverse possession claim, and we affirm the judgment.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.