HERZOG, Appellant, v. BUJNIEWICZ, Respondent.

*September 6—October 4, 1966.*

For the appellant there was a brief by *Kennedy & Savage* and *K. Thomas Savage,* all of Kenosha, and oral argument by *K. Thomas Savage.*

For the respondent there was a brief by *Phillips & Richards* and *Charles J. Richards,* all of Kenosha, and oral argument by *Charles J. Richards.*

HALLOWS, J. The basic question is whether sec. 330.15 (1), Stats. 1963,[1] now renumbered sec. 893.15, Stats.

---

[1] 330.15 "**Action concerning real estate.** (1) Except as provided in sub. (5), no action affecting the possession or title of any real estate shall be commenced by any person, the state, or any subdivision thereof after January 1, 1943, which is founded upon any unrecorded instrument executed more than 30 years prior to the date of commencement of such action, or upon any instrument recorded more than 30 years prior to the date of commencement

1965, applies to claims based on adverse possession. We agree with the trial court that if this section bars evidence of acts of adverse possession occurring prior to thirty years before commencement of the action that the evidence relating to acts within the thirty-year period is not sufficient to establish title in plaintiff by adverse possession. This evidence consisted only of the evidence and use of a gravel driveway located on the disputed land and the removal of weeds which grew in the driveway. This testimony is not clear or sufficient to prove the disputed property was used or cultivated or improved exclusively for the benefit of the plaintiff or that such use was of such a nature as would give notice of an exclusive dominion to the true owner or to the public. Casual weeding and the presence of part of a driveway on the disputed area under the circumstances of this case are not sufficient under *Burkhardt v. Smith* (1962), 17 Wis. (2d) 132, 115 N. W. (2d) 540.

We think sec. 330.15 (1), Stats., applies to actions founded upon adverse possession. This section provides so far as pertinent to the facts of this case that no action shall be brought affecting possession or title to real estate which is founded upon any transaction or event

of the action, or upon any transaction or event occurring more than 30 years prior to the date of commencement of the action, unless within 30 years after the execution of such unrecorded instrument or within 30 years after the date of recording of such recorded instrument, or within 30 years after the date of such transaction or event there is recorded in the office of the register of deeds of the county in which the real estate is located, some instrument expressly referring to the existence of such claim, or a notice setting forth the name of the claimant, a description of the real estate affected and of the instrument or transaction or event on which such claim is founded, with its date and the volume and page of its recording, if it be recorded, and a statement of the claims made. This notice may be discharged the same as a notice of pendency of action. Such notice or instrument recorded after the expiration of 30 years shall be likewise effective, except as to the rights of a purchaser for value of the real estate or any interest therein which may have arisen prior to such recording."

occurring more than thirty years prior to the date of commencement of the action unless within thirty years after the date of such transaction or event there is recorded in the office of the register of deeds some instrument expressly referring to the existence of the claim. Instead of such an instrument a notice may be recorded setting forth the name of the claimant, a description of the real estate affected, and the transaction or event on which such claim is founded. Provision is made in sub. (2) for the repeated recording within each succeeding thirty-year period.

While it may be argued the words "any transaction or event" do not aptly describe acts of adverse possession and that such construction is impracticable, we must be guided in our construction by sub. (4) which provides the section shall be construed to effect the legislative purpose of barring "all claims to an interest in real property, . . . or any claim of any nature whatsoever, however denominated, . . ." However, this subsection makes specific exceptions. One of these exceptions, pertinent to this case, provides, "This section does not apply to any action commenced by any person who is in possession of the real estate involved as owner at the time the action is commenced, . . ."

The transaction or event referred to in sub. (1) as applied to adverse possession means adverse possession for the period of time necessary under the circumstances to obtain title. Upon the expiration of such period of time the thirty-year period commences to run. This statute may not be a true statute of limitations because the time for running of the period does not commence with the creation or accrual of a cause of action. Nevertheless, its effect is to bar claims unless its requirements are met. This section has not been heretofore construed by this court although created by ch. 293, Laws of 1941. Problems concerning its history, purpose and interpretation are discussed in contemporaneous literature. See Aiken, Commentary on Proposed Title Legislation, 36 Wisconsin

Bar Bulletin (April, 1963), p. 49; Aiken, Proposed Title Legislation: A Suggested Solution to the Problem of "Marketable Title," 50 Marquette Law Review (1966), 15; and Tulane and Axley, Title to Real Property—Thirty Year Limitation Statute, 1942 Wisconsin Law Review, 258.

We think the trial court should have held sec. 330.15, Stats., did not apply to the plaintiff in this action because of the owner-in-possession exception. For the purpose of asserting a claim to the disputed property based upon adverse possession, the plaintiff should be considered as one "in possession of real estate involved as owner." While in one sense this may seem like permitting one to pull himself up by his bootstraps, this construction was intended by the exception. See Tulane and Axley, Title to Real Property—Thirty Year Limitation Statute, 1942 Wisconsin Law Review, 258, 264. The purpose of the section was to protect purchasers of real estate from stale claims and to make record titles more readily marketable. A person who with his predecessor in title has been in possession of land for fifty years ought not to be foreclosed from establishing title to the land.

During the trial the court allowed in evidence, subject to the objection of the defendant, testimony of the acts by which the plaintiff claimed adverse possession prior to 1934, i.e., prior to thirty years before commencement of the action. This testimony is undisputed and shows that beginning in 1912 when the plaintiff's parents purchased the property there was a fence which extended from the front to the rear of plaintiff's lot, some 22 feet beyond the rear of the lot now owned by the defendant. This fence was on a line which is now determined to be 1.5 feet east of the plaintiff's record line and establishes the eastern boundary of the 1.5-foot strip.

The testimony shows this fence existed from at least 1912 to 1942, and possibly part of it existed as late as 1947 or 1948. The plaintiff's father used the fence to

dry his fish nets. The fence running the full depth of the city lot constituted a substantial inclosure within the meaning of sec. 330.09 (1), Stats. 1963. This inclosure established *prima facie* the exclusive, open, and hostile use of the now disputed land. In addition, during 1917 the plaintiff's parents built a garage on the back part of their lot and sometime thereafter constructed a gravel driveway between the fence and their house, using part of the disputed land for this purpose. This driveway continued to exist and to be used after the fence had disappeared and was maintained until a concrete driveway was laid about 1961. While the concrete driveway does not cover the full 18-inch strip, there is no requirement that it must do so in order to retain the title previously acquired to the strip by adverse possession. Once title is secured by adverse possession the possessor need not keep the flag of hostility waving forever. The owner of land whether by deed or adverse possession has a legal title and is presumed to be in possession thereof and the occupation of such land by another person is deemed to be under and in subordination to such legal title unless the land is possessed adversely for the necessary statutory period. Sec. 330.05. The trial court noted the plaintiff offered to purchase this property. We do not think that is controlling. The defendant's immediate predecessors recognized the plaintiff's claim to the land by erecting a short fence in about 1950 on the line of the prior fence.

From the evidence one can reasonably conclude the defendant considered this disputed strip as belonging to the plaintiff. He acquired his property in 1951 but made no claim to the disputed strip until after he had his property surveyed in 1964 to settle a dispute with his neighbor on the east. He then tore down the fence his predecessor had built and asserted a claim to the disputed land.

Since there is no issue of fact involving the existence of the old fence and its location, or of the exclusive use of the land for the required statutory time of twenty years,

we must hold as a matter of law the plaintiff's predecessor in title acquired title by adverse possession to the 18-inch strip along the western boundary line of the defendant's record description to his land.

*By the Court.*—Judgment is reversed, with directions to enter a judgment quieting title in the plaintiff to the 1.5-foot strip of land lying immediately east of the plaintiff's property more particularly described in the complaint by metes and bounds, and to enjoin the defendant from erecting and maintaining a fence on said parcel of land.

GORDON, J. (*dissenting*). I respectfully dissent from the decision of the court. This lawsuit represents an effort by the plaintiff to establish that through adverse possession she is the owner of certain real estate. The majority opinion deems that she is such an owner notwithstanding the strictures of sec. 330.15 (1), Stats. 1963, because she qualifies under an exception within that statute which is available only to an owner in possession. This is patently circuitous reasoning, and the majority opinion properly acknowledges that "this may seem like permitting one to pull himself up by his bootstraps." In my view, the effort in the majority opinion to avoid that construction is not successful.

As indicated in subsection (4), sec. 330.15, Stats. 1963, was designed to impose a highly restrictive limitation on claims against real estate. The legislative purpose of the statute is that of "barring all claims to an interest in real property . . . or any claim of any nature whatsoever, however denominated . . ." unless founded upon an interest arising within thirty years from the suit, all as described in the statute. This statutory language is clearly broad enough to encompass claims based on adverse possession. However, the majority concludes that the plaintiff (and presumably *any* person who alleges adverse possession) is relieved of the onus of the statute by

reason of the following clause in subsection (4) of the same statute:

"This section does not apply to any action commenced by any person who is in possession of real estate involved as owner at the time the action is commenced . . . ."

The court's opinion states that "A person who with his predecessor in title has been in possession of land for fifty years ought not to be foreclosed from establishing title to the land;" this may be a desirable doctrine, but the legislature has decreed that the period be *thirty* years unless there has been compliance with sec. 330.15 (4), Stats. 1963.

To accomplish the result that the plaintiff "ought not to be foreclosed from establishing title," the majority opinion has utilized a wholly inapplicable exception. It has allowed the plaintiff to become an owner by permitting her to offer proof which would be available by legislative decree only to one who already qualified as an owner.

The majority's effort to justify the use of the statutory exception has provoked it into asserting that "the owner of land whether by deed or adverse possession has a legal title and is presumed to be in possession thereof. . . ." Does this statement mean that one who claims to have adverse possession has legal title and therefore that the holder of record title does not have legal title? It would seem to follow that the court is now saying that, even before judgment, the one alleging adverse possession has legal title.

Almost invariably the main issue to be decided in an adverse possession suit is the nature and extent of the alleged possession. *Burkhardt v. Smith* (1962), 17 Wis. (2d) 132, 115 N. W. (2d) 540; *Cuskey v. McShane* (1958), 2 Wis. (2d) 607, 87 N. W. (2d) 497. This issue in the case at bar was so heated that the defendant even tore down a fence on the disputed land. Nevertheless, the

majority opinion concludes, as a matter of law, that the plaintiff was both an "owner" and "in possession" *before* the judgment. Cf. sec. 330.05, Stats. 1963.

In my opinion, the trial court was correct in confirming the record title of the defendant, and I would affirm that judgment.

I am authorized to state that Mr. Justice WILKIE joins in this dissent.