## HOLY FAMILY CATHOLIC CONGREGATION, Plaintiff-Appellant,

v.

## STUBENRAUCH ASSOCIATES, INC. and Hoffman Company, Inc., Defendants-Respondents.

Court of Appeals

*No. 86–0242. Submitted on briefs September 9, 1986.—Decided January 27, 1987.*

(Also reported in 402 N.W.2d 382.)

515

For the plaintiff-appellant, Holy Family Catholic Congregation, briefs were submitted by *Michael Salm* of *Salm & Anderson*, of Stanley.

For the defendant-respondent, Stubenrauch Associates, Inc., there was a brief submitted by *Russell T. Golla* of *Anderson, Fisher, Shannon, O'Brien & Rice* of Stevens Point.

For the defendant-respondent, Hoffman Company, Inc., there was a brief submitted by *David E. Richie* of *Herrick, Hart, Duchemin, Danielson & Guettinger, S.C.* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Holy Family Catholic Congregation appeals a summary judgment dismissing its complaint against Stubenrauch Associates, Inc., and Hoffman Company, Inc., the architect and general contractor for the congregation's church building. The circuit court found that sec. 893.89, Stats., barring actions begun more than six years after "substantial completion" of real estate improvements, rendered Holy Family's suit untimely.[1]

---

[1] Section 893.89, Stats., reads:

**Action for injury resulting from improvements to real property.** No action to recover damages for any injury to property, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such

517

Holy Family first contends that the circuit court erred by concluding as a matter of law that the statutory period began to run on the date the congregation held its first service in the new building. Instead, Holy Family submits that "substantial completion of construction" under sec. 893.89 should not occur until "the last of the designers, planners and contractors [have] ceased furnishing their services pursuant to the contract," providing their performance has met the essential purpose of the contract on that date. Holy Family next asserts that the statute is inapplicable because the building's leaky roof prevented construction from ever being considered substantially completed. Finally, Holy Family argues that the six-year limitation should begin to run when the defect is discovered, not upon substantial completion of construction.

We conclude that sec. 893.89 governs the facts of this case and that, as a matter of law, substantial completion of construction occurred on the date of the congregation's first service in the new building. We further conclude as a matter of law that Holy Family discovered the defect more than six years before filing suit. Therefore, we affirm the circuit court's summary judgment dismissing the action.

The parties agree on the material facts. In June, 1976, Holy Family contracted with Stubenrauch for

injury, shall be brought against any person performing or furnishing the design, land surveying, planning, supervision of construction, materials or construction of such improvement to real property, more than 6 years after the substantial completion of construction. If the injury or defect occurs or is discovered more than 5 years but less than 6 years after the substantial completion of construction, the time for bringing the action shall be extended 6 months.

architectural services for the construction of a new church building. In April, 1977, Holy Family contracted with Hoffman, who agreed to serve as prime contractor for the project. Construction ensued and on March 7, 1978, Stubenrauch issued a certificate of substantial completion. This certificate, issued pursuant to Stubenrauch's contract with Holy Family, followed Stubenrauch's February 28 inspection of the church building. It stated that February 28, 1978, was the substantial completion date for purposes of lien release and consent of surety to final payment.

Holy Family held its first worship service in the new building on March 28, 1978. In the ensuing weeks, members of the congregation noticed that the church's roof leaked. Holy Family's brief stated, "[t]he church members agree that the church roof leaked during the spring of 1978, and that officials from Stubenrauch and Hoffman knew of the leaks immediately thereafter." These complaints were documented in a June 28, 1978, report issued by one of Stubenrauch's employees.

Various subcontractors made apparently unsuccessful attempts to remedy the roof leaks. Holy Family made its final payments to Stubenrauch and Hoffman on April 17, 1979.

Holy Family filed suit on August 16, 1984. Stubenrauch and Hoffman subsequently moved for summary judgment, contending that the statute of limitations barred Holy Family's action. The circuit court granted summary judgment, finding that Holy Family commenced suit more than six years after construction of its church had been substantially completed.

We review the circuit court's summary judgment construing sec. 893.89. On review of a summary

judgment, we apply the same standards as the trial court. *Messner v. Briggs & Stratton Corp.*, 120 Wis. 2d 127, 131, 353 N.W.2d 363, 365 (Ct. App. 1984). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.;* sec. 802.08(2), Stats. Because the parties agree on the material facts, the first summary judgment criterion is met. Construing a statute in relation to a given set of facts is a question of law. *Tahtinen v. MSI Insurance Co.*, 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985). Thus, we decide the second criterion, whether the statute as applied to the facts entitles Stubenrauch and Hoffman to summary judgment as a matter of law, without special deference to the circuit court's decision. *See id.*

■

We first conclude that the circuit court correctly applied sec. 893.89 as the limitation on this action. Section 893.89, commonly referred to as a "builder's statute," governs "action[s] to recover damages for any injury to property, ... arising out of the defective and unsafe condition of an improvement to real property ...." The statute plainly includes an action to recover damages for a leaky roof on a newly constructed church. Having made this preliminary determination, we move on to issues raised by the parties.

Holy Family first contends that the phrase, "substantial completion of construction," describing the event that triggers sec. 893.89's six-year limitation period, is ambiguous. Assuming ambiguity, Holy Family asserts that substantial completion of construction

should be defined as the date the last of the designers, planners, and contractors cease furnishing their services pursuant to the contract, providing their performance meets the essential purpose of the contract on that day. We agree that the statutory language is ambiguous, but we reject Holy Family's proposed definition of substantial completion of construction.

A statute is ambiguous if it is capable of being construed in two different ways by reasonably well-informed persons. *Kollasch v. Adamany*, 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51–52 (1981). However, ambiguity does not arise merely because adverse parties disagree on a statute's meaning. *See Aero Auto Parts, Inc. v. Department of Transportation*, 78 Wis. 2d 235, 238–39, 253 N.W.2d 896, 897 (1977). We must examine the statute's language to determine if the parties are justified in their disparate views. *Id*.

Here, the statute offers no definition for "substantial completion of construction." The word "substantial," commonly defined as being "largely but not wholly that which is specified,"[2] suggests that the period begins to run some time before final completion. Precisely when substantial completion occurs, however, cannot be discerned from the face of the statute. The vagueness of the word "substantial," without further definition, justifiably invites the parties to disagree as to the time the church was largely, but not wholly, completed. We thus conclude that the statute is ambiguous. Accordingly, we must look beyond its words to determine its meaning.

Stubenrauch urges us to look to its contract with Holy Family to construe the statute. It argues that the contract empowered it to determine the date of

---

[2]Webster's New Collegiate Dictionary at 1161 (1977).

substantial completion. Consequently, Stubenrauch contends that its February 28, 1978, certification of substantial completion should dispose of the issue of when substantial completion occurred. We disagree. Stubenrauch cites no authority for its contention. Without explicit statutory direction, we cannot imply a legislative intent to empower one party to trigger the six-year limitation period by its unilateral actions.

For the same reason, we reject Holy Family's contention that the six-year period should not begin to run until the designers, planners, and contractors have ceased furnishing their services. These persons may provide remedial services after their contractual obligation has been substantially performed. The notion that the statutory period does not begin to run until all the project's participants have remedied every minor flaw would neutralize the word "substantial" as it modifies "completion." We must avoid a construction rendering part of a statute superfluous. *Kollasch*, 104 Wis. 2d at 563, 313 N.W.2d at 52.

Moreover, such a construction would allow the owner's demands for remedial work to affect arbitrarily the six-year period's commencement. Although the owner may rightly demand such work, Wisconsin law recognizes that a contract may be considered substantially performed even though minor flaws remain. *Klug & Smith Co. v. Sommer*, 83 Wis. 2d 378, 386, 265 N.W.2d 269, 272 (1978). We believe that a substantially completed building is sufficient to cause the six-year period to begin to run. Thus, neither Stubenrauch's nor Holy Family's interpretation fits the statute's language.

Instead, we turn to legislative intent to construe the statute. In 1976, the legislature published findings and a statement of intent with an amendment to sec.

893.155, Stats. (later renumbered sec. 893.89). Section 1, ch. 335, Laws of 1975. The legislature found that:

> (a) Subsequent to the completion of construction, persons involved in the planning, design and construction of improvements to real estate lack control over the determination of the need for, the undertaking of and the responsibility for maintenance, and lack control over other forces, uses and intervening causes which causes [sic] stress, strain, wear and tear to the improvements and in most cases have no right or opportunity to be made aware of or to evaluate the effect of these forces on a particular improvement or to take action to overcome the effect of these forces.

Although the legislature's findings studiously avoid defining substantial completion, its statement of intent suggests that the six-year period should begin to run when planners, designers, and contractors lose a significant amount of control over the improvement. A convenient and fair measure of the time when control over the improvement shifts from the builders to the owner is the date "when construction is sufficiently completed so that the owner or his representative can occupy or use the improvement for the use it was intended." *Van Den Hul v. Baltic Farmers Elevator Co.*, 716 F.2d 504, 508 (8th Cir. 1983).[3] We are

---

[3] *Van Den Hul* construed South Dakota's builders' statute. (S.D. Codified Laws Ann. sec. 15–2–9 (repealed by SL 1985, ch. 156, sec. 10)). It resembled Wisconsin's sec. 893.89, except that it defined substantial completion as quoted in the body of this opinion. Similarly, Indiana's builders' statute, Ind. Code Ann. sec. 34–1–20–1(4) (Burns 1986), defines substantial completion as the earlier of:

> (A) The date upon which construction of an improvement to real property is sufficiently completed, in accordance with a contract

persuaded that the date of occupation and use for its intended purpose is a significant factor in signaling a building's substantial completion. In addition, occupancy as a factor triggering the six-year period acknowledges the legislature's concerns about control. It recognizes that the builders' control over the improvement declines when the owner takes possession. Finally, a factor that considers the date the owner can occupy a building prevents the owner from affecting the six-year period's commencement by arbitrarily delaying occupancy.

We note that this definition closely resembles that on Stubenrauch's certificate of substantial completion.[4] While we implicitly adopt the architect's definition of substantial completion, we reject the notion that the architect may unilaterally determine the six-year period's commencement. For purposes of the statutory limit, it is the court, not the architect, who determines the date of substantial completion. Thus, while the date of an architect's certificate of substantial completion may be persuasive in deter-

of construction (as modified by any additions, deletions, or other amendments) so that the owner of the real property upon which the improvement is constructed can occupy and use the premises in the manner contemplated by the terms of the contract; or

(B)   The date of the first beneficial use of the improvement of any portion of the improvement.

[4]Stubenrauch's certificate of substantial completion includes the following definition:

The Date of Substantial Completion of the Work or designated portions thereof is the Date certified by the Architect when construction is sufficiently complete, in accordance with the Contract Documents, so the Owner may occupy the Work or designated portion thereof for the use for which it is intended.

mining the statutory date of substantial completion, we conclude that the dispositive event in this case was Holy Family's occupation of the building for its intended purpose. Holy Family admits that the congregation met for services on March 28, 1978, more than six years before Holy Family filed suit in August, 1984. For the purposes of sec. 893.89, we conclude as a matter of law that the church building was substantially completed on March 28, 1978, when the congregation first occupied the building for its intended purpose.

Holy Family also contends that a church building constructed with a leaky roof cannot be considered substantially completed. This contention, in effect, urges us to focus on the quality of construction, something not contemplated by the statute. We decline to do so.

Holy Family bases its argument on two Wisconsin cases dealing with substantial performance of construction contracts. *Miles Homes, Inc. v. Starrett*, 23 Wis. 2d 356, 127 N.W.2d 243 (1964); *Nees v. Weaver*, 222 Wis. 492, 269 N.W. 266 (1936). Holy Family's premise that substantial completion is equivalent to substantial performance is in error. We have recognized the distinction between a measure of time and one of degree of performance. The test for substantial completion does not rely directly on the doctrine of substantial performance. The two concepts may overlap in situations where failure to substantially perform a contract causes a building to be unusable. This, however, is not the case here.

Holy Family also contends that our supreme court has imposed the so-called "discovery rule" on all statutes limiting tort actions. *See Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 560, 335 N.W.2d 578, 583

(1983).[5] Because we conclude that as a matter of law Holy Family discovered the defect more than six years before filing suit, we need not consider the discovery rule's applicability to sec. 893.89.

We have held that a cause of action accrues when the evidence of injury to property, resulting from the

[5]In *Hansen*, 113 Wis. 2d at 560, 335 N.W.2d at 583, our supreme court stated:

> In the interest of justice and fundamental fairness, we adopt the discovery rule for all tort actions other than those already governed by a legislatively created discovery rule. Such tort claims shall accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first. All cases holding that tort claims accrue at the time of the negligent act or injury are hereby overruled.

This holding implicitly challenges the constitutionality of sec. 893.89 by creating the potential for a situation where the action for negligence against a builder could be extinguished before it accrues. Article I, sec. 9 of Wisconsin's Constitution provides:

> Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character ....

Other states with similar statutes and constitutional provisions have resolved the question differently. *See, e.g., Jackson v. Mannesmann Demag Corp.*, 435 So. 2d 725, 727 (Ala. 1983) (builder's statute impermissibily denied cause of action before it accrued); *Yarbro v. Hilton Hotels Corp.*, 655 P.2d 822, 827 (Colo. 1982) (statutory abrogation of action before it accrues is constitutionally permissible).

We have avoided discussion of sec. 893.89's constitutionality for two important reasons. First, the parties have not raised it on appeal. Second, the facts of this case do not provide a constitutional challenge because even under the discovery rule, the action would be barred. Holy Family discovered the defect more than six years before filing suit.

negligent act upon which the action is based, is sufficiently significant to alert the injured party to the possibility of a defect. *Tallmadge v. Skyline Const., Inc.*, 86 Wis. 2d 356, 359, 272 N.W.2d 404, 405 (Ct. App. 1978). The injury need not, however, be of such magnitude as to identify the specific causal factor. *Id.* Here, Holy Family clearly knew of an obvious defect in the roof more than six years before it filed suit. The record shows that Holy Family notified Stubenrauch on or before June 28, 1978, that the roof was leaking and had been leaking for some time. Under a discovery rule, we would be compelled to find as a matter of law that the cause of action accrued on or before June 28, 1978, more than six years before Holy Family filed suit. Accordingly, the facts do not support Holy Family's argument that their discovery of the defect extends the six-year limitation beyond August, 1984. As a result, it is not necessary to decide on these facts whether the discovery rule affects the operation of Wisconsin's builder's statute.

Because we conclude that sec. 893.89 governs these facts and that construction was substantially completed and the defect discovered more than six years before Holy Family filed suit, we need not consider Holy Family's argument that the more general limitations of sec. 893.52 or sec. 893.43, Stats., govern this action.

*By the Court.*—Judgment affirmed.