Herbert M. SCHAUER and Sandra S. Schauer,
Plaintiffs-Respondents,

v.

Matthew S. BAKER, Defendant-Appellant.

Court of Appeals

*No. 02–1674. Submitted on briefs April 10, 2003.—Decided February 5, 2004.*

2004 WI App 41

(Also reported in 678 N.W.2d 258.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Thomas A. Lorenson* of *Kubasta, Rathjen, Bickford, & Lorenson*, Wautoma.

On behalf of the plaintiffs-respondents, the cause was submitted on the briefs of *John F. Koenig* of *Sorenson Koenig Law Office*, Ripon.

Before Deininger, P.J., Vergeront and Lundsten, JJ.

¶ 1. LUNDSTEN, J.   This is a prescriptive easement case involving a road that crosses Baker's property and is used by the Schauers for access to their property. The circuit court granted summary judgment to the Schauers which, in turn, grants to the Schauers a prescriptive easement to the road on Baker's property. Because we conclude that the "owner-in-possession" exception, Wis. Stat. § 893.33(5) (2001–02),[1] does not extend to persons who hold a prescriptive easement, we

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

reverse. Further, because there are no disputed issues of fact, we resolve this legal issue in favor of Baker and remand with directions that summary judgment be entered in favor of Baker.

## *Background*

¶ 2.   The Schauers brought an action for a prescriptive easement, pursuant to WIS. STAT. § 893.28(1), with respect to a road located on property owned by Baker. The Schauers moved for summary judgment, arguing that the undisputed facts showed that they and their predecessors had used the road on the Baker property to access their property continuously for 139 years. They contended this use satisfied the requirements of a prescriptive easement. Baker did not and does not challenge the Schauers' factual allegations. Rather, Baker moved for summary judgment on the ground that the Schauers' claim was barred by WIS. STAT. § 893.33(2).

¶ 3.   The circuit court initially refused to grant summary judgment in favor of either party because, in the court's view, there were material disputed facts. Subsequently, the parties entered into a stipulation in which they agreed that the facts were undisputed and that summary judgment should be entered in favor of the Schauers, but specifying that Baker was reserving his right to challenge the judgment on appeal. Accordingly, the circuit court entered summary judgment in favor of the Schauers granting them a prescriptive easement to the road on the Baker property. Baker appeals.

### *Discussion*

¶ 4. This is an appeal from a grant of summary judgment. We review summary judgment *de novo,* applying the same method as the trial court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment is appropriate when there is no material factual dispute and the moving party is entitled to judgment as a matter of law. *Germanotta v. National Indem. Co.,* 119 Wis. 2d 293, 296, 349 N.W.2d 733 (Ct. App. 1984). Summary judgment methodology is well established and need not be repeated here. *See, e.g., Lambrecht v. Estate of Kaczmarczyk,* 2001 WI 25, ¶¶ 20–24, 241 Wis. 2d 804, 623 N.W.2d 751.

¶ 5. In this case, the Schauers and Baker agree on the size and location of the alleged easement. They further agree that the use necessary to satisfy the statutory requirements of a prescriptive easement had been continuously in place for more than fifty years at the time the Schauers filed their claim for a prescriptive easement in 1989. The only disputes here involve questions of law. First, there is a dispute regarding when the thirty-year time limit found in Wis. Stat. § 893.33(2) commenced. Second, the parties dispute whether a holder of a prescriptive easement is an "owner" in "possession" as those terms are used in § 893.33(5). We resolve each of these disputes in favor of Baker.

### *Commencement of the Thirty-Year Time Period in Wis. Stat. § 893.33(2)*

¶ 6. The Schauers argue that the circuit court correctly interpreted Wis. Stat. § 893.33(2) when it held that the Schauers may prevail in this action if they can

show that any twenty-year period of continuous adverse use—sufficient to satisfy Wɪs. Sᴛᴀᴛ. § 893.28(1), the prescriptive easement statute—intersected with the most recent thirty-year time period prior to 1989 when the Schauers filed their claim. Since the parties now agree that the nature and duration of the use is uncontested, the Schauers contend they are entitled to summary judgment. However, we disagree with this interpretation of the statute.

¶ 7.   The circuit court's reasoning seems to be that each additional day of adverse use of another's property moves forward in time the "event" triggering the thirty-year time limit in Wɪs. Sᴛᴀᴛ. § 893.33(2), which reads, in pertinent part:

> [N]o action affecting the possession or title of any real estate may be commenced . . . which is founded upon any . . . *event* occurring more than 30 years prior to the date of commencement of the action, unless . . . within 30 years after the date of the . . . *event* there is [an instrument or notice of claim recorded with the register of deeds].

(Emphasis added.) Such an interpretation is foreclosed by prior decisions of the supreme court. In *Herzog v. Bujniewicz*, 32 Wis. 2d 26, 145 N.W.2d 124 (1966), the court stated:

> The transaction or event referred to in sub. (1) [now denominated subsection (2)] as applied to adverse possession means adverse possession for the period of time necessary under the circumstances to obtain title. Upon the expiration of such period of time the thirty-year period commences to run.

*Id.* at 31. *See also O'Neill v. Reemer,* 2003 WI 13, ¶ 10, 259 Wis. 2d 544, 657 N.W.2d 403; *Leimert v. McCann,* 79 Wis. 2d 289, 298, 255 N.W.2d 526 (1977). Thus, the

supreme court has explained that the starting date for the thirty-year time period in WIS. STAT. § 893.33(2) commences when the requirements for the asserted interest have been met.

*The Holder of a Prescriptive Easement is Not an Owner in Possession for Purposes of WIS. STAT. § 893.33(5)*

¶ 8.   The parties next dispute whether a holder of a prescriptive easement is an "owner" in "possession" within the meaning of WIS. STAT. § 893.33(5). Our holding on this issue is simple: the owner-in-possession exception found in § 893.33(5) does not apply to holders of a prescriptive easement because such holders are not "owners." Accordingly, once the right to a prescriptive easement has accrued—by virtue of compliance with WIS. STAT. § 893.28(1) for the requisite twenty-year time period—the holder of the prescriptive easement must comply with the recording requirements within thirty years, as required by § 893.33(2), or lose his or her right to continued use. Applied here, our legal conclusion means that because the Schauers' right to a prescriptive easement with respect to the road on Baker's property accrued sometime before 1968, the thirty-year time limit in § 893.33(2) applies to bar the Schauers' 1998 prescriptive easement claim. While our holding is simple to state and apply to the undisputed facts in this case, the reasons we believe the statutes and the case law compel this result are not so simple.

¶ 9.   We are called on to interpret the owner-in-possession exception, contained in WIS. STAT. § 893.33(5), to the thirty-year recording requirement contained in § 893.33(2). The actual statutory language

is this: "person who is in possession of the real estate involved as owner." But we, like other courts, use the shorthand phrase: "owner-in-possession."

¶ 10.   We must interpret the owner-in-possession exception and apply it to undisputed facts. Questions of statutory construction or the application of a statute to undisputed facts are questions of law on which we do not defer to the circuit court. *Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315 (Ct. App. 1997). When we interpret and apply statutes, our aim is to discern the intent of the legislature, and we look first to the language of the statute. *McEvoy v. Group Health Coop.*, 213 Wis. 2d 507, 528, 570 N.W.2d 397 (1997). If the language clearly and unambiguously sets forth the legislative intent, we apply that language to the facts at hand. *Reyes v. Greatway Ins. Co.*, 227 Wis. 2d 357, 365, 597 N.W.2d 687 (1999). Only when statutory language is ambiguous may we examine other construction aids, such as legislative history, context, and subject matter. *State v. Waalen*, 130 Wis. 2d 18, 24, 386 N.W.2d 47 (1986).

¶ 11.   The statutes at issue create a thirty-year recording requirement and an owner-in-possession exception to that requirement. The Schauers and Baker agree that, apart from the owner-in-possession exception, the thirty-year time limit in Wis. Stat. § 893.33(2) applies to both adverse possession and prescriptive easement claims. The thirty-year recording requirement in § 893.33(2) provides, in pertinent part:

> [N]o action affecting the possession or title of any real estate may be commenced . . . which is founded upon any . . . event occurring more than 30 years prior to the date of commencement of the action, unless . . . within

721

30 years after the date of the ... event there is [an instrument or notice of claim recorded with the register of deeds].

The owner-in-possession exception to this thirty-year recording requirement, contained in § 893.33(5), provides:

[The thirty-year recording requirement] does not apply to any action commenced ... by any person who is in possession of the real estate involved as owner at the time the action is commenced.

¶ 12. In *O'Neill*, the supreme court held that this owner-in-possession exception in Wis. Stat. § 893.33(5) applies to parties that have gained ownership by virtue of adverse possession. *O'Neill*, 259 Wis. 2d 544, ¶ 28. The question here is whether the owner-in-possession exception applies to holders of a prescriptive easement. More specifically, the question is whether a person who meets the requirements of a prescriptive easement user is an "owner" in "possession" within the meaning of § 893.33(5).

¶ 13. The Schauers argue that the distinction between adverse possession and prescriptive easement "is in the possession ... and not in the ownership." The Schauers assert: "While [holders] of a prescriptive easement may not fit the strictest definition of an owner, they nevertheless do own a right to continue their adverse use of the easement." The Schauers rely on the following language from a law review article quoted in *O'Neill*:

"[The owner-in-possession exception] exempts from the operation of the act owners in possession. The term 'owner' as therein used means simply the person who,

either himself or in privity with others, has had possession or dominion over the property during the last ten or twenty years."

*O'Neill*, 259 Wis. 2d 544, ¶ 28 (quoting Roy G. Tulane and Ralph E. Axley, *Title to Real Property—Thirty Year Limitation Statute,* 1942 WIS. L. REV. 258, 264). The Schauers do not assert that they are "owners" in any commonly used sense of the word. Rather, they contend they exercised "dominion over a portion of [the Baker] property and therefore have the right to continue[] that use." The Schauers also seem to assert they were "owners" of a "right of access" and therefore "owners" within the meaning of the exception.

¶ 14.  The Schauers attempt to explain why their interpretation of the owner-in-possession exception is consistent with the intent and policy discussion in *O'Neill*. Effectively, the Schauers argue that it makes just as much sense to apply the owner-in-possession exception to prescriptive easement "owners" as it does to apply the exception to adverse possession owners.

¶ 15.  Baker contends that the Schauers were never "owners" because they neither possessed nor owned the road on Baker's property. Baker further notes that it is undisputed that the Schauers and their predecessors knew that Baker and his predecessors were the owners of the driveway. Baker points out that, in *O'Neill*, the supreme court explained that at the end of a twenty-year period of adverse possession, the adverse possessor *is the owner* by operation of law and, therefore, an owner-in-possession within the meaning of WIS. STAT. § 893.33(5):

723

> In adverse possession cases, it is the record title to the property that has lain dormant and stale. At the end of the applicable adverse possession period, title vests in the adverse possessor and the record owner's title is extinguished.

*O'Neill*, 259 Wis. 2d 544, ¶ 30. In contrast, Baker argues, the right obtained by prescriptive easement is only the right of continued use. In Baker's view, the Schauers are asking this court to rewrite § 893.33(5) so it reads: "any person who has a prescriptive right in real estate owned and possessed by another."

¶ 16. We agree with the assessment of both parties that the supreme court in *O'Neill* did not resolve whether the owner-in-possession exception applies to holders of prescriptive easements. Indeed, the *O'Neill* court explained that *Leimert*—the only supreme court case discussing the application of the thirty-year time limit in Wis. Stat. § 893.33(2) to prescriptive easements —did not have occasion to address whether the owner-in-possession exception applies to prescriptive easements. *O'Neill*, 259 Wis. 2d 544, ¶ 23.

¶ 17. The Schauers do not and could not plausibly argue that the holder of *any* interest in real property constitutes ownership for purposes of Wis. Stat. § 893.33(5) because such a reading is contrary to the plain language of the statute. Section 893.33(5) reads, in part: "This section [including subsection (2)] bars all claims to *an interest* in real property . . . ." (Emphasis added.) Thus, by its own language, the thirty-year time limit in § 893.33(2) is intended to cover interests in property establishing some right to the property in question. If any interest in property qualified as ownership, the exception would swallow the rule.

724

¶ 18. Accordingly, we focus our attention on the term "easement" so that we may determine whether the holder of an easement is an owner-in-possession. While we must give words their common meaning when interpreting a statute, "[i]t is also 'well established that technical words or phrases with a peculiar meaning in the law must be construed according to such meaning.' " *Bruno v. Milwaukee County*, 2003 WI 28, ¶ 8, 260 Wis. 2d 633, 660 N.W.2d 656 (quoting *Weber v. Town of Saukville*, 209 Wis. 2d 214, 224, 562 N.W.2d 412 (1997)). Black's Law Dictionary defines easement as:

> An interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose (such as to cross it for access to a public road).

BLACK'S LAW DICTIONARY 527 (7th ed. 1999). This definition expressly states that the land in question is owned by another.

¶ 19. As commonly used, a prescriptive easement does not denote ownership. *See, e.g., Shearer v. Congdon*, 25 Wis. 2d 663, 670, 131 N.W.2d 377 (1964) ("Respondents neither claim ownership of the road nor that appellants trespassed, but merely seek a prescriptive easement."); *see also Urban v. Grasser*, 2001 WI 63, ¶ 18, 243 Wis. 2d 673, 627 N.W.2d 511 (an easement interest in property is "only a right to use the land not inconsistent with the general property of the servient owner"); *Shellow v. Hagen*, 9 Wis. 2d 506, 511–12, 101 N.W.2d 694 (1960) (though "[t]he method by which a prescriptive easement is acquired is analogous to the method by which title is obtained by adverse posses-

sion," the analogy must nonetheless "tak[e] into account the difference in the physical nature of the acts of possession and use").

¶ 20. Thus, the Schauers are not owners of the property subject to the prescriptive easement under any common definition of "owner" that we have uncovered. Still, the Schauers argue they were owners-in-possession because they exercised "dominion" over the access road. They rely on that part of the definition of "owner" in the 1942 Wisconsin Law Review article stating " 'owner' . . . means simply the person who . . . has . . . dominion over the property." *See O'Neill*, 259 Wis. 2d 544, ¶ 28 (quoting Roy G. Tulane and Ralph E. Axley, *Title to Real Property—Thirty Year Limitation Statute,* 1942 Wis. L. Rev. 258, 264 (citation omitted)).

¶ 21. This argument, however, simply begs the question: What does "dominion" mean in the context of an easement? Once more turning to Black's, we find that dominion is defined as "[c]ontrol" and "possession." Black's Law Dictionary 502 (7th ed. 1999). In case law, dominion typically appears in conjunction with the word "control." *See, e.g., Nischke v. Farmers & Merchs. Bank & Trust,* 187 Wis. 2d 96, 111, 522 N.W.2d 542 (Ct. App. 1994). In at least one case, the supreme court seemingly assumed that a non-exclusive right of way does not constitute "dominion." *See Lintner v. Office Supply Co.,* 196 Wis. 36, 50, 219 N.W. 420 (1928) (the "owner of a right of way, unless expressly made exclusive, does not acquire dominion over the property affected, but is entitled 'only to a reasonable and usual enjoyment thereof' " (citation omitted)). None of these sources suggest that the holder of an easement has "dominion" over the property, owned by another, that

726

they use. The Schauers say only that they have "used" the driveway; they do not explain why that use constitutes "dominion."

¶ 22. We conclude, therefore, that the owner-in-possession exception in Wis. Stat. § 893.33(5) unambiguously excludes from its coverage holders of a prescriptive easement. Applied here, our legal conclusion means that because the Schauers' right to a prescriptive easement with respect to the road on Baker's property accrued sometime before 1968, the thirty-year time limit in § 893.33(2) applies to bar the Schauers' 1998 prescriptive easement claim.

¶ 23. Furthermore, even if we concluded that the owner-in-possession exception language in Wis. Stat. § 893.33(5) were ambiguous, we would not resolve that ambiguity in favor of the Schauers. Application of the thirty-year recording requirement to holders of prescriptive easements, as contrasted with owners by adverse possession, furthers the purpose of the statute because holders of prescriptive easements are, as here, typically on notice that they are using the property of another. In contrast, adverse possession claims often involve possessors operating under the mistaken belief that they are owners with no need to record title. *See O'Neill*, 259 Wis. 2d 544, ¶ 31.

¶ 24. Finally, we observe that the supreme court in *O'Neill* suggests, but does not hold, that there is a distinction between adverse possession and prescriptive easement matters for purposes of the owner-in-possession exception. While critiquing this court's reliance on *Leimert* in *Shelton v. Dolan*, 224 Wis. 2d 334, 591 N.W.2d 894 (Ct. App. 1998), the supreme court noted: "Further, *Leimert* is a prescriptive easement case, and [the court of appeals in *Shelton*] acknowledged that one could argue that a person who has a

prescriptive easement does [not] have sufficient owner-ship rights to qualify as an owner-in-possession." *O'Neill*, 259 Wis. 2d 544, ¶ 23.[2] The obvious suggestion contained in this critique is that the argument—that a person who has a prescriptive easement does not qualify as an owner-in-possession—has validity.

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[2] We have added a "not" to this text from *O'Neill* because we conclude this is what the supreme court must have meant to include. At this point in *O'Neill*, the supreme court is referring to the following passage from *Shelton*:   "We agree that, based on the language of the owner-in-possession exception, one could argue that a person who establishes title by adverse possession is an owner of the property, and therefore exempt from § 893.33, STATS., altogether, whereas a person who establishes a prescriptive easement is *not* an owner in possession and therefore not exempt." *Shelton v. Dolan*, 224 Wis. 2d 334, 343, 591 N.W.2d 894 (Ct. App. 1998) (emphasis added).