Ronald W. ENGEL and Sandra O'Donnell,
Plaintiffs-Respondents,

v.

Steven P. PARKER and Judy M. Parker,
Defendants-Appellants.†

Court of Appeals

*No. 2011AP25. Submitted on briefs December 6, 2011.
—Decided January 4, 2012.*

2012 WI App 18

(Also reported in 810 N.W.2d 861.)

† Petition for Review denied 5/14/12.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Jason W. Whitley* of *Novitzke, Gust, Sempf, Whitley & Bergmanis*, Amery.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Ryan M. Benson* of *Benson Law Office*, Siren.

Before Hoover, P.J., Peterson, J., and Thomas Cane, Reserve Judge.

¶ 1. HOOVER, P.J.    Steven and Judy Parker appeal a grant of summary judgment to Ronald Engel and Sandra O'Donnell. The circuit court concluded Engel and O'Donnell were entitled to a strip of land by adverse possession. The Parkers argue the adverse possession claim was barred by the thirty-year statute of limitations. Alternatively, they argue summary judgment was inappropriate because there were material issues of fact in dispute. We reject the Parkers' arguments and affirm.

## BACKGROUND

¶ 2.    The property in question is a strip of land approximately one quarter of a mile long that varies from fifteen to twenty-three feet in width. The strip runs along the border of the parties' respective forty-acre parcels.

¶ 3.    Engel and O'Donnell (collectively, Engel) are siblings. Their parcel has been in their family since their parents purchased it in 1954. At that time, there was an existing barbed wire fence along the entire length of the now-disputed property line. It is undisputed that the family adversely possessed the strip of land on their side of the fence for twenty years as of 1974. Since 1977, a local farmer, Rodney Chaplin, has leased and farmed the Engel property. He farmed within four to five feet of the fence, which was as close as he could get with his farm machinery. He recalled that the Engel family maintained the fence until 1982.

¶ 4.    The Parkers purchased their abutting parcel in 2003. At that time, the fence was still present, but it had fallen into disrepair and no longer stretched the

210

entire length of the property border. The Parkers surveyed their property in January of 2006, revealing that the old fence was placed on their side of the recorded property boundary. Survey stakes were placed at the time of the survey, and the Parkers instructed Chaplin to cease farming on their side of the stakes. In the summer of 2008, the Parkers installed a new fence along the recorded boundary. Engel filed suit in January of 2009, alleging he had acquired the disputed strip of land by adverse possession.

¶ 5.   The parties each moved for summary judgment, with the Parkers arguing that the thirty-year statute of limitations for bringing an adverse possession claim had expired in 2004. *See* WIS. STAT. § 893.33(2), (5).[1] The circuit court rejected the Parkers' argument, relying on *O'Neill v. Reemer*, 2003 WI 13, 259 Wis. 2d 544, 657 N.W.2d 403. *O'Neill* recognized that the statute's owner-in-possession exception could apply to bar application of the statute of limitations to adverse possession claims. *Id.*, ¶ 1. The Parkers appeal, arguing the exception cannot apply here because Engel was no longer in possession of the disputed property after the survey, particularly after the Parkers erected their fence.

## DISCUSSION

■

¶ 6.   WISCONSIN STAT. § 893.33(2) and (5) bar all claims or defenses relating to interests in real property not commenced within thirty years after the event giving rise to the claim, unless the person asserting the claim or defense records a notice referring to the

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

existence of the claim during the thirty-year period. "Adverse possession for the period of time necessary under the circumstances to obtain title is considered to be an 'event' covered by the 30–year recording requirement and the 30–year period commences to run upon the expiration of that period." *O'Neill*, 259 Wis. 2d 544, ¶ 10 (citing *Herzog v. Bujniewicz*, 32 Wis. 2d 26, 31, 145 N.W.2d 124 (1966)).

¶ 7.   Here, Engel never recorded any notice of his adverse possession claim. Thus, if applicable, the limitations period expired in 2004, thirty years after Engel's family had adversely possessed the disputed strip of land for twenty years. It is well-settled, however, that the owner-in-possession exception to the statute of limitations applies to owners by adverse possession. *See O'Neill*, 259 Wis. 2d 544, ¶ 31; *Herzog*, 32 Wis. 2d at 32. That exception provides:   "[The statute of limitations] does not apply to any action commenced or any defense or counterclaim asserted, by any person who is in possession of the real estate involved as owner at the time the action is commenced." Wis. Stat. § 893.33(5).

¶ 8.   The Parkers contend Engel was no longer "in possession" of the disputed strip of land "at the time the action [was] commenced," which was after they placed their survey stakes and built a new fence. *See id.* Thus, the Parkers argue, the owner-in-possession exception does not save Engel from application of the thirty-year statute of limitations. A review of *O'Neill* and *Herzog* requires that we reject this argument. Neither case requires the party who initially adversely possessed land for the necessary period of time to continue "adversely" possessing the disputed property to benefit from the exception.

¶ 9. Rather, in *O'Neill*, the supreme court observed:

> It is illogical to construe a statute with a purpose of eliminating stale claims in such a way that after 50 years of staleness a right of ownership in record title is resurrected. In adverse possession cases, it is the record title to the property that has lain dormant and stale. At the end of the applicable adverse possession period, title vests in the adverse possessor and the record owner's title is extinguished.

*O'Neill*, 259 Wis. 2d 544, ¶ 30 (citing *Harwick v. Black*, 217 Wis. 2d 691, 701, 580 N.W.2d 354 (Ct. App. 1998)). In fact, because landowners sometimes unknowingly adversely possess abutting land, the court stated it was "illogical to create an expectation that the adverse possessor make a filing of record before the incident prompting the lawsuit arises." *Id*, ¶ 31.

¶ 10. Admittedly, *O'Neill* is somewhat ambiguous regarding whether the adverse possessor must continue to adversely possess the disputed land to be considered "in possession" for purposes of the exception. *See* Wis. Stat. § 893.33(5). This is because the supreme court remanded to the circuit court for a determination of whether the disputed property was, in fact, adversely possessed, noting evidence that the fence had fallen into disrepair. *See O'Neill*, 259 Wis. 2d 544, ¶¶ 35–36. However, the fence's recent condition was not the only evidence referenced, and, more importantly, the opposing party's argument was that the original fence as constructed was never substantial enough to constitute a "substantial enclosure" to permit adverse possession in the first place. *See id.*, ¶¶ 6, 33–35.

¶ 11. In any event, *Herzog* resolves any doubt. There, a fence existed along the length of a property line and, like here, it was constructed on the abutting

213

parcel rather than on the boundary of record. *Herzog*, 32 Wis. 2d at 28–29. The "fence existed from at least 1912 to 1942, and possibly part of it existed as late as 1947 or 1948." *Id.* at 32. However, unlike here, where part of the fence remained when the neighboring land-owners acquired their property, in *Herzog* the fence had disappeared by the time the defendant neighbor pur-chased in 1951. *Id.* at 29, 32. Although, the adverse possessor did continue using part of the disputed strip of land after the fence was gone. *Id.* at 33.

¶ 12. The court acknowledged that evidence of the recent use of the property, "[c]asual weeding and the presence of part of a driveway on the disputed area," was insufficient to "prove the disputed property was used or cultivated or improved exclusively for the benefit of the plaintiff or that such use was of such a nature as would give notice of an exclusive dominion to the true owner or to the public." *Id.* at 30. Nonetheless, the court held the owner-in-possession exception ap-plied, reasoning:

> While the concrete driveway does not cover the full 18–inch strip, there is no requirement that it must do so in order to retain the title previously acquired to the strip by adverse possession. *Once title is secured by adverse possession the possessor need not keep the flag of hostility waving forever.* The owner of land whether by deed or adverse possession has a legal title and *is presumed to be in possession thereof* and the occupation of such land by another person is deemed to be under and in subordination to such legal title unless the land is possessed adversely for the necessary statutory pe-riod.

*Id.* at 33. (citing WIS. STAT. § 330.05 (1963)) (emphasis added). Consequently, because there was "no issue of fact involving the existence of the old fence and its

location, or of the exclusive use of the land for the required statutory time of 20 years," the court stated it "must hold as a matter of law the plaintiff's predecessor in title acquired title by adverse possession." *Id.* at 33–34.

¶ 13.   Here, it is undisputed that Engel adversely possessed the disputed strip of land for the requisite time period, from 1954 to 1974. Thus, *Herzog* makes clear that Engel is entitled to application of the owner-in-possession exception. Moreover, the language of WIS. STAT. § 330.05 (1963), which *Herzog* cited, remains substantially unchanged today as WIS. STAT. § 893.30, carrying the same title: "Presumption from legal title."[2] Pursuant to *Herzog* and WIS. STAT. § 893.30, we must presume Engel was "in possession of the real estate involved as owner at the time the action [was] commenced." WIS. STAT. § 893.33(5).

[2] WISCONSIN STAT. § 893.30 provides:

In every action to recover or for the possession of real property, and in every defense based on legal title, the person establishing a legal title to the premises is presumed to have been in possession of the premises within the time required by law, and the occupation of such premises by another person shall be deemed to have been under and in subordination to the legal title unless it appears that such premises have been held and possessed adversely to the legal title for [seven, ten, or twenty years, as applicable], before the commencement of the action.

WISCONSIN STAT. § 330.05 (1963), provides:

In every action to recover real property or the possession thereof the person establishing a legal title to the premises shall be presumed to have been possessed thereof within the time required by law, and the occupation of such premises by another person shall be deemed to have been under and in subordination to the legal title unless it appear that such premises have been held and possessed adversely to such legal title for [ten or twenty years as applicable], before the commencement of such action.

¶ 14.  The Parkers alternatively argue there are material issues of disputed fact concerning whether Engel's recent use of the property constituted adverse possession. Our discussion of *Herzog*, however, disposes of this issue as well.

*By the Court.*—Judgment affirmed.