# COURT OF APPEALS
# DECISION
# DATED AND FILED

## July 21, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP971**

STATE OF WISCONSIN

Cir. Ct. No. **2017CV456**

IN COURT OF APPEALS
DISTRICT IV

CHULA VISTA, INC.,

   PLAINTIFF-APPELLANT,

V.

ARCHITECTURAL DESIGN CONSULTANTS, INC.,

   DEFENDANT-THIRD-PARTY PLAINTIFF-RESPONDENT.

APPEAL from an order of the circuit court for Sauk County: PATRICIA A. BARRETT, Judge. *Affirmed.*

Before Blanchard, P.J., Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Chula Vista, Inc., appeals the circuit court's order dismissing its claims against Architectural Design Consultants, Inc., on summary judgment. The issue is whether the circuit court erred by concluding that Chula Vista's claims are barred by the ten-year statute of repose in WIS. STAT. § 893.89 (2015-16).[1] We conclude that the circuit court properly dismissed Chula Vista's claims based on the statute of repose. Accordingly, we affirm.

¶2 The relevant background facts are straightforward and undisputed. Chula Vista contracted with Architectural Design to design an indoor water park facility. The construction of the facility was completed no later than July 1, 2006. Approximately one year later, Chula Vista discovered that a vapor barrier was missing or had not been properly installed according to Architectural Design's specifications. Because the construction of the facility was by then complete, it was no longer feasible to install the vapor barrier as specified. Architectural Design worked with Chula Vista's general contractor to install spray foam insulation instead. The spray foam project was completed by December 4, 2007.

¶3 On October 11, 2017, Chula Vista filed suit against Architectural Design, alleging that Architectural Design breached its duty of care in overseeing the spray foam project. Architectural Design moved for summary judgment, arguing that Chula Vista's claims were barred by the statute of repose in WIS. STAT. § 893.89. Most pertinent here, the statute provides that "no cause of action may accrue and no action may be commenced … against … any person involved in the

---

[1] All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted. In a footnote in its brief, Architectural Design asserts that a newer version of the statute with a seven-year time limit applies retroactively to Chula Vista's claims. We assume, without deciding, that the 2015-16 version containing the ten-year time limit applies.

improvement to real property after the end of the exposure period," and the "exposure period" is defined as "10 years immediately following the date of substantial completion of the improvement to real property." Section 893.89(1)-(2).[2]

¶4      The circuit court concluded that Chula Vista's suit is barred by the statute of repose because the construction of the water park facility was substantially complete in 2006, more than ten years before Chula Vista filed suit. On this ground, the court granted Architectural Design's motion for summary judgment and dismissed Chula Vista's claims. Chula Vista now appeals.

¶5      We review summary judgment de novo, applying the same standards as the circuit court. *Schauer v. Baker*, 2004 WI App 41, ¶4, 270 Wis. 2d 714, 678 N.W.2d 258. "Summary judgment is appropriate when there is no material factual dispute and the moving party is entitled to judgment as a matter of law." *Id.* The interpretation and application of a statute to a given set of facts is likewise a question

---

[2]  WISCONSIN STAT. § 893.89(1) and (2) provide in full as follows:

> **(1)** In this section, "exposure period" means the 10 years immediately following the date of substantial completion of the improvement to real property.

> **(2)** Except as provided in sub. (3), no cause of action may accrue and no action may be commenced, including an action for contribution or indemnity, against the owner or occupier of the property or against any person involved in the improvement to real property after the end of the exposure period, to recover damages for any injury to property, for any injury to the person, or for wrongful death, arising out of any deficiency or defect in the design, land surveying, planning, supervision or observation of construction of, the construction of, or the furnishing of materials for, the improvement to real property. This subsection does not affect the rights of any person injured as the result of any defect in any material used in an improvement to real property to commence an action for damages against the manufacturer or producer of the material.

of law for our de novo review. ***Pritchard v. Madison Metro. Sch. Dist.***, 2001 WI App 62, ¶7, 242 Wis. 2d 301, 625 N.W.2d 613.

¶6      Chula Vista argues that the circuit court erred in its application of the statute of repose. It contends that the ten-year exposure period for its claims ran from completion of the spray foam project in December 2007. According to Chula Vista, that project is a separate project with a separate exposure period for claims arising out of that project. Chula Vista focuses on the statutory language providing that the exposure period commences upon substantial completion of "the improvement to real property," *see* WIS. STAT. § 893.89(1), and it argues that the spray foam project was itself an "improvement to real property" as defined in ***Peter v. Sprinkmann Sons Corp.***, 2015 WI App 17, 360 Wis. 2d 411, 860 N.W.2d 308. In ***Peter***, we stated that an "improvement to real property" for purposes of the statute means "'[a] permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.'" ***Id.***, ¶22 (quoting ***Kohn v. Darlington Cmty. Schs.***, 2005 WI 99, ¶17, 283 Wis. 2d 1, 698 N.W.2d 794). We further stated in ***Peter*** that "the initial installation of insulation into a building or house may be considered an improvement to real property." ***Id.***, ¶24.

¶7      Architectural Design counters that the circuit court properly concluded that the exposure period for Chula Vista's claims commenced upon substantial completion of the water park facility in 2006. It relies on this court's decision in ***Holy Family Catholic Congregation v. Stubenrauch Assocs., Inc.***, 136 Wis. 2d 515, 402 N.W.2d 382 (Ct. App. 1987). Architectural Design argues that under the reasoning in ***Holy Family***, the spray foam project cannot give rise to a new or delayed exposure period because the purpose of the spray foam project was

to correct the missing or improperly installed vapor barrier in the underlying building project.

¶8 We agree with Architectural Design. *Holy Family* involved a newly constructed building with a faulty roof. *Id.* at 519. We rejected the property owner's argument that the building was not substantially complete until the roof was repaired. *Id.* at 525. More importantly for purposes here, we concluded in *Holy Family* that WIS. STAT. § 893.89 should not be construed to delay the commencement of the exposure period until remedial services are complete. *Holy Family*, 136 Wis. 2d at 522. We reasoned that such an interpretation would be inconsistent with the statutory language that ties the running of the exposure period, then a six-year period, to the "substantial" completion of the improvement to real property. *Id.* We stated:

> [W]e reject Holy Family's contention that the six-year period should not begin to run until the designers, planners, and contractors have ceased furnishing their services. These persons may provide remedial services after their contractual obligation has been substantially performed. The notion that the statutory period does not begin to run until all the project's participants have remedied every minor flaw would neutralize the word "substantial" as it modifies "completion." We must avoid a construction rendering part of a statute superfluous.

*Id.* We further reasoned in *Holy Family* that "such a construction would allow the owner's demands for remedial work to affect arbitrarily the six-year period's commencement." *Id.* In addition, we stated in *Holy Family* that "the date of occupation and use [of the building] for its intended purpose is a significant factor in signaling a building's substantial completion." *Id.* at 523-24.

¶9 In the instant case, Chula Vista does not dispute that the spray foam project was a remedial measure prompted by the missing or improperly installed

vapor barrier in the water park facility.[3] Chula Vista also does not assert that the facility could not be occupied and used for its intended purpose prior to the spray foam project. Applying our reasoning from **Holy Family** to these undisputed facts, we agree with the circuit court that Chula Vista's claims against Architectural Design are barred by the statute of repose because Chula Vista did not bring those claims within ten years after substantial completion of the water park facility in 2006.

¶10 Chula Vista next argues that summary judgment was improper because there are material factual disputes relating to the parties' understandings of whether the spray foam project was a continuation of the original building project or a new and separate project. Even assuming that there are factual disputes relating to the parties' understandings, Chula Vista does not persuade us that these factual disputes are material under our reasoning in **Holy Family**. Accordingly, we conclude that these factual disputes are not relevant to our summary judgment analysis.[4]

¶11 Chula Vista argues in the alternative that there are additional material factual disputes relating to whether the fraud exception to the statute of repose applies. The exception applies to "[a] person who commits fraud, concealment or misrepresentation related to a deficiency or defect in the improvement to real

---

[3] To the contrary, Chula Vista makes assertions in its briefing that effectively concede that the spray foam project was remedial. Chula Vista asserts that, upon discovering that the vapor barrier was missing or not properly installed, Chula Vista "called on [Architectural Design] to assist with the investigation and remediation." Chula Vista further asserts that "[t]he facts are clear: the spray foam installation was in areas of the water park where the vapor barrier was 'completely missed' or not properly overlapped."

[4] As noted at the outset, "[s]ummary judgment is appropriate when there is no *material* factual dispute and the moving party is entitled to judgment as a matter of law." *See Schauer v. Baker*, 2004 WI App 41, ¶4, 270 Wis. 2d 714, 678 N.W.2d 258 (emphasis added).

6

property." WIS. STAT. § 893.89(4). Chula Vista contends that there are material factual disputes relating to whether its general contractor made misrepresentations to Architectural Design. According to Chula Vista, if its general contractor "did, in fact, make misrepresentations to [Architectural Design], who then in turn relied upon and repeated those misrepresentation to Chula Vista, then Chula Vista's complaint cannot be barred by the statute of repose."

¶12     We reject Chula Vista's alternative argument based on the fraud exception because Chula Vista cites no authority to support the proposition that Architectural Design could be held responsible for unwittingly relying on the general contractor's alleged misrepresentations. Chula Vista does not contend that there is any evidence that Architectural Design knowingly passed on any misrepresentation. Absent such authority or evidence, we fail to see how Architectural Design could be considered a "[a] person who commits fraud, concealment or misrepresentation" within the meaning of the statute. *See* WIS. STAT. § 893.89(4).

¶13     In sum, for the reasons stated above, we affirm the circuit court's order dismissing Chula Vista's claims against Architectural Design as barred by the ten-year statute of repose in WIS. STAT. § 893.89.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.